ELEANOR HARDING REYNOLDS *v.* CHARLOTTE VROOM.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 9, 1943—decided January 27, 1944.

*Benjamin Slade,* for the appellant (plaintiff).

*William L. Hadden,* with whom, on the brief, were *Daniel Pouzzner* and *Clarence A. Hadden,* for the appellee (defendant).

ELLS, J. This appeal challenges an order by Hon. Frank P. McEvoy, a judge of the Superior Court, reducing as excessive an attachment made in an action brought by the plaintiff claiming $250,000 damages for alienation of affections.

The action was instituted on May 20, 1943, and real and personal property was duly attached, as shown by an officer's return dated May 26. On June 3, the defendant made an application in writing to Judge McEvoy in which she alleged that estate to the value of more than $100,000 had been attached and that the attachment so far exceeded the apparent claim of the plaintiff as to be excessive, and she requested the release of so much of the property as was not required to secure the payment of the apparent claim and costs. Judge McEvoy issued an order for a hearing to be held on June 11, notice was duly served and the parties appeared and were heard upon questions of law raised by the plaintiff. No evidence was introduced to sustain the allegations made in the application. Subsequent to the oral arguments written briefs were filed by counsel for both parties, and on June 26, without further hearing, Judge McEvoy filed his memorandum of decision and his order reducing the attachment as excessive. On June 30, the present appeal was filed.

The application to reduce the attachment was based on the provisions of General Statutes, §§ 5740 and 5741. The plaintiff's principal claims are that these statutes are not applicable to the proceeding in question and that Judge McEvoy's order was arbitrary and illegal in that it was not based upon evidence. Judge McEvoy has found in effect that the plaintiff waived

his right to a hearing of testimony by making certain oral admissions. There is no good reason why we should decide these questions, because subsequent proceedings make it impossible for us to provide the relief sought in the appeal. These proceedings, though not printed, are facts of record in the case in which this appeal is taken and are properly before us. Conn. App. Proc., p. 209.

On July 6, 1943, while the present appeal was pending, the defendant applied in writing to Hon. Ernest A. Inglis, a judge of the Superior Court, alleging that the total value of the property attached was approximately $105,000, and asking that the attachment be dissolved upon the substitution of a bond with surety, according to statute. The appeal from Judge Mc-Evoy's order had suspended its effectiveness and the original attachment was in effect. Practice Book, § 366; *State ex rel. Bonoff* v. *Evarts*, 115 Conn. 98, 102, 160 Atl. 294. After due notice and hearing, Judge Inglis, on July 9, ordered that the attachment be released upon the substitution of a bond in the sum of $30,000 with surety by a proper surety company. A bond was filed and approved by Judge Inglis, and on August 3 he certified that the attachments placed upon both real and personal property of the defendant on May 26 were dissolved and removed.

The application made to Judge Inglis for the substitution of a bond was based on General Statutes, § 5735, which provides that where a bond is ordered in substitution for an attachment its amount shall equal the value of the estate the process directed to be attached, "unless the action be founded in tort for the recovery of unliquidated damages, and it shall appear to the authority to whom the application is made that the amount so required to be attached is

excessive, in which case he may take a bond for such sum as he may deem reasonable." Judge Inglis clearly had the right to order a bond for $30,000 to be substituted for the attachment. The plaintiff in her brief concedes that the application to Judge Inglis "involved a separate and distinct proceeding from the one at bar." That Judge Inglis acted independently on the motion made to him, and did not take Judge McEvoy's previous order reducing the attachment to $30,000 as the basis of his decision, is shown by the fact that Judge Inglis' order applied specifically to the original attachment. There is nothing in the record to indicate to the contrary.

No appeal was taken from Judge Inglis' decision. The attachment "in said suit on the 26th day of May, A. D. 1943" has been dissolved and removed. We could not restore it by reversing Judge McEvoy's order. There is no relief we could now provide as a result of the present appeal. It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. *State ex rel. Foote* v. *Bartholomew,* 106 Conn. 698, 701, 138 Atl. 787. The question may be made moot by the act of the court from which the appeal is taken, as where pending an appeal some judgment or order rendered or made in the cause renders the determination of the questions presented by the appeal unnecessary. Likewise it may arise from the act of another court or judge. 4 C. J. S. 120. "So, as no practical benefit could follow from the determination of the questions sought to be raised by the appeal, it is not incumbent upon us to decide them."

*Rollins* v. *Holcomb,* 122 Conn. 664, 666, 190 Atl. 260. The appeal is dismissed.

In this opinion the other judges concurred.