RICHARD YOUNG *v.* JOHN J. TYNAN, COMMISSIONER OF MOTOR VEHICLES

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 5—decided June 13, 1961

*Sigmund L. Miller,* with whom was *Philip Baroff,* for the appellant (plaintiff).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (defendant).

ALCORN, J. On March 10, 1960, in Darien, the plaintiff was given a summons for speeding in violation of § 14-219 of the General Statutes. In response to that summons, he appeared in the Town Court of Darien on March 24, 1960, pleaded guilty and paid a fine. On receipt of a transcript of this dis-

position of the case, the defendant, acting under § 14-111 (a) of the General Statutes, suspended the plaintiff's license to operate a motor vehicle for thirty days from April 1, 1960. The plaintiff received notice of the suspension on April 5. Shortly thereafter, he instituted the present action. Much might be said about the defects and informalities in the procedure leading to the judgment for the defendant, from which the plaintiff has appealed. Since they have been ignored by the parties, we will accord them the same treatment. See *Schumacher* v. *Miller,* 111 Conn. 568, 570, 150 A. 524.

The plaintiff argues that this action was an appeal from the commissioner to the Superior Court under § 14-134 of the General Statutes. Appeals to the courts from administrative officers or boards exist only under statutory authority. *Bardes* v. *Zoning Board,* 141 Conn. 317, 318, 106 A.2d 160; *Long* v. *Zoning Commission,* 133 Conn. 248, 252, 50 A.2d 172. Great diversity exists in the statutes concerning appeals from the motor vehicles commissioner in various situations. We mention a few which are expressly provided for: An appeal to the attorney general if a public service operator's license is refused on account of a criminal record (§ 14-44); to the Court of Common Pleas in matters concerning dealers' and repairers' licenses (§ 14-57), the approval of rates and charges of wreckers (§ 14-66), or financial responsibility (§ 14-114); and to the Superior Court in Hartford county in matters relating to a certificate of title. § 14-195. Section 14-134, on which the plaintiff purports to rely, inferentially contemplates, but does not expressly authorize, an appeal. The pertinent language is: "[A]ny appeal from a decision of the commissioner shall, if such appeal is from an order based upon a

violation of any provision of this chapter, be taken to the superior court for the county wherein such violation occurred." The section is procedural and is a part of chapter 246, entitled "Motor Vehicles." The speeding section under which the plaintiff was convicted (§ 14-219) is not a part of chapter 246 but of chapter 248, entitled "Use of the Highway by Vehicles."

It is not necessary to decide, and we therefore do not decide, whether the statutes authorize an appeal by the plaintiff from the suspension of his license or whether his remedy was an application to the commissioner for a reversal of the suspension under § 14-111 (k), as amended in 1959. The complaint is in the usual form for civil actions. It alleges in substance the hardship occasioned the plaintiff by the suspension, the unreasonableness and arbitrariness of the defendant's action, and that the plaintiff has no adequate remedy at law. The relief sought is to vacate the order, temporary and permanent injunctions against its enforcement, and such other relief "which in law or equity pertains." The statute (§ 14-134) now invoked goes unmentioned.

We are faced with the question whether the issue presented is academic. The order which the plaintiff seeks to vacate or restrain was, by its terms, effective only for a period of thirty days from April 1, 1960. The plaintiff's immediate need at the time his action was commenced was a stay of the suspension pending the determination of the ultimate issue. This remedy was available either by a temporary injunction issuing from the court or by administrative action requested of and taken by the commissioner under § 14-111 (a) and (k), as amended in 1959. The plaintiff did not seek administrative action, and although his complaint

claimed injunctive relief, it was not verified by oath, which is a prerequisite to action by the court. General Statutes § 52-471. If the plaintiff had availed himself properly of the procedures open to him, he could conceivably have had the use of his license during the months which have intervened, and the question now presented to us would not be moot. Since, however, he took the course he did, a decision by us at this time would be of no advantage to either party. The period of suspension has long since expired. No blemish on the plaintiff's driving record would be affected by a decision of this appeal, because such a blemish would arise from his plea of guilty to the charge of speeding rather than from the suspension of his license. The question presented is academic, and we must refuse to entertain the appeal. *Hirsch* v. *Braceland,* 144 Conn. 464, 469, 133 A.2d 898.

The appeal is dismissed.

In this opinion the other judges concurred.