**INTERSTATE DEMOLITION CORP.,**
Appellant,

v.

**Leon KANEGIS, Appellee.**

No. 2950.

Municipal Court of Appeals for the District of Columbia.

Argued March 27, 1962.

Decided May 25, 1962.

Nathan L. Silberberg, Washington, D. C., for appellant.

No appearance for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

HOOD, Chief Judge.

On a Sunday afternoon appellee Kanegis and his children were "rock collecting and exploring" on a site in southwest Washington which was being leveled by appellant under a contract with the District of Columbia Redevelopment Land Agency. Since it was a Sunday, no work was in progress. At the foot of an embankment in the rear of the lot, Kanegis came upon an earthenware crock lying partially exposed in the rubble. Examination disclosed that the crock was filled with dirt and a mass of silver coins. Kanegis im-

---

mediately delivered the crock and its contents to the Police Property Clerk who ascertained that the coins (all dated prior to 1883) were of a total face value of $407.50. Thereafter this action was brought by the Demolition Corporation against Kanegis and the Property Clerk, seeking a declaration that it was the owner of the coins. The Property Clerk delivered the coins into the registry of the court and was permitted to withdraw from the case.

At trial the Demolition Corporation amended its complaint by dropping its claim of ownership and asserting a claim only to the right of possession. In a memorandum opinion the trial court held that the coins were treasure trove and Kanegis was the rightful possessor. The Demolition Corporation has appealed and has raised some interesting questions concerning the ancient doctrine of treasure trove and what, it says, should be the modern doctrine. Interesting as the questions may be, we do not feel we are required to answer them.

On the same date that this action was filed, an action was filed against Kanegis and the Police Property Clerk by the descendants of one Johnson, the former owner of the premises on which the coins were found. They claimed that Johnson had been in the habit of burying coin-filled jars in his back yard and that, as his descendants, they were entitled to ownership of the crock and coins found by Kanegis. The Property Clerk followed the same procedure in this case as in the other and the order, which permitted him to deposit the coins in the custody of the court and be dismissed from the case, was a joint order in both cases. Despite this joint order, each case proceeded on its separate way to trial.

The decision in the present case was made on July 14, 1961. On August 25, 1961, the Johnson case was decided and the ruling there was that Johnson had been the owner of the coins and that his heirs are entitled to them. No appeal was taken in that case.

It should be observed that in the present case the Demolition Corporation makes no claim to ownership of the coins and seeks no money judgment against Kanegis, the only defendant to the action. A judgment for possession is all that is sought and, since Kanegis is the only defendant, the judgment necessarily would have to be against him. But Kanegis does not have possession and has not had possession since he delivered possession to the Property Clerk. Since the time the Property Clerk deposited the coins in court they have been in the custody of the court, and they have been not alone in the custody of the court hearing this case but also in the custody of the court hearing the Johnson case.

Kanegis could not comply with any judgment awarding possession to the Demolition Corporation, and it would be a useless thing to order him to do so. And the trial court could not order the Clerk of the Court to deliver possession to the Demolition Corporation, because that same court, through another judge, has found the Johnson heirs are the owners of the coins and are therefore entitled to possession. The question of the right to possession as between Kanegis and the Demolition Corporation has become moot. The Demolition Corporation would obtain no practical benefit from a determination of the issues sought to be raised by it on this appeal, and therefore we decline to decide them.[1]

Appeal dismissed.

1. Reynolds v. Vroom, 130 Conn. 512, 36 A.2d 22.