ALBERT J. ROY *v.* LEO J. MULCAHY, COMMISSIONER OF STATE POLICE, ET AL.

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued May 5—decided June 21, 1971

*Stephen I. Traub,* for the appellant (plaintiff).

*C. Michael Budlong,* assistant attorney general, with whom, on the brief, were *Robert K. Killian,* attorney general, and *F. Michael Ahern,* assistant attorney general, for the appellees (defendants).

LOISELLE, J. The plaintiff, a corporal in the state police department, has brought this action for a declaratory judgment to determine whether the commissioner of state police and the commissioner of personnel were legally justified in permitting Connecticut state police below the rank of corporal to take a promotional examination for state police sergeant which was scheduled to be held between October 19 and November 14, 1970.

On July 1, 1967, the commissioner of state police, pursuant to General Statutes § 29-2, promulgated rules and regulations for his department. Section 1.29 thereof provides: "No member of the Department shall be eligible for promotion until he shall have served on the Department for a period of at least four years. No member shall be promoted to a higher rank until he has served at least one year in the preceding rank. All promotions shall be made in accordance with the State Personnel Act." On April 17, 1970, the state police commissioner sponsored a promotional examination for sergeant to be given by the Connecticut state personnel department. In the notification for the examination, among other requirements specified, was one calling for "not less than one (1) year's employment as a State Police Officer at the level of State Police Corporal."

On June 3, 1970, in a state police broadcast, the state police commissioner stated that he had recommended to the state personnel commissioner that the qualifications originally specified in the April 17, 1970, notice be changed to permit not only corporals but also patrolmen to take this particular examination. On September 8, 1970, the state police commissioner released a new notice with respect to the examination, scheduled to be held between October 19 and November 14 for the sergeants' examination by

the state personnel department, which amended the original notice by extending the qualifications so as to include not only corporals but also patrolmen.

The plaintiff, acting for himself and other corporals, complained to the commissioner of state police and the personnel commissioner of their procedure but the complaint was rejected. Thereupon, this action was brought. On November 4, 1970, the Superior Court found the issues for the defendants. On November 23, 1970, a temporary injunction against the scheduled examination was ordered to remain in effect until June 15, 1971.

On the same day the state police commissioner amended § 1.29 of the rules and regulations as to the requirement that no member of the department shall be eligible for promotion to the next rank until he has served at least one year in the preceding rank by adding thereto "except when special conditions exist as determined by the commissioner which shall be set forth in the announcement of the promotional examination." It was conceded by all parties that on the same day the state police commissioner ordered a new examination which was not limited to corporals, to be held on December 11, 1970, under the new amended § 1.29.

On November 24, 1970, the plaintiff took an appeal from the Superior Court judgment in favor of the defendants. Due to this appeal no examination for sergeant has been held.

The plaintiff's basic contention is that only corporals should be allowed to take the promotional examination for state police sergeant. His principal claim in this regard is that the ultimate control over promotional examinations rests with the commissioner of state police and not with the commissioner of state personnel and that being so, § 1.29 of the

rules and regulations of the state police department existing at the time of the first examination announcement on April 17, 1970, which in effect restricted the examination to corporals, controls who takes the examinations. He further claims that if the ultimate control over promotional examinations rests with the commissioner of personnel, he is nevertheless bound by § 1.29 of the state police regulations in existence at the time of the first examination on April 17, 1970.

In his prayer for relief the plaintiff seeks a declaratory judgment determining whether the defendants are legally justified in permitting state police officers below the rank of corporal to take the promotional examination for state police sergeant which was to be held between October 19 and November 14, 1970. Under any theory brought forth by the plaintiff, the provisions of § 1.29 prior to the amendment of November 23, 1970, which in effect specified that only corporals could take the examination in question, must be held to be in force for a decision of this court to give effective relief. Section 1.29, as amended on November 23, 1970, now allows the taking of promotional examinations without the previous restriction as to next preceding rank if the commissioner of state police so determines. We are not dealing with a situation of an administrative officer changing a rule or regulation with retroactive effect which would be against public policy. See *Waterbury Savings Bank* v. *Danaher,* 128 Conn. 78, 92, 20 A.2d 455. Rather, the question to be decided is whether the state police commissioner may change his departmental regulations for a promotional examination to be taken in the future. Since the rules and regulations of the state police department are departmental only and are

subject to amendment by the commissioner, the amendment of November 23, 1970, to § 1.29 allowing the commissioner to provide for members of lower rank than that of the next preceding rank to take the examination when he determines special conditions exist in effect superseded § 1.29 as it existed prior to the amendment.[1] Consequently, § 1.29 as it existed prior to the amendment of November 23, 1970, is of no further force and effect.

"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22; see also *Tracy* v. *Johnson,* 156 Conn. 630, 234 A.2d 477; *Whiteside* v. *Burlant,* 153 Conn. 204, 206, 215 A.2d 100; *Young* v. *Tynan,* 148 Conn. 456, 458, 172 A.2d 190; *DelMastro* v. *Liquor Control Commission,* 146 Conn. 740, 154 A.2d 241; *Newton* v. *Barnett,* 146 Conn. 344, 346, 150 A.2d 821. Since § 1.29 in its original form is no longer of any further force and effect, any determination of its effect would be moot and no actual relief could follow.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[1] The rules and regulations issued by the state police commissioner are no more than departmental and do not represent regulations promulgated pursuant to General Statutes § 4-41, that is, they are not state regulations, by virtue of a public hearing, approval by legislative commissioners, approval by the attorney general and by publication. General Statutes § 4-41 specifically exempts "[a]ny matters relating solely to the internal management of such agency or department." Further, when the rules and regulations were issued by the state police commissioner in 1967, he specifically provided that they would be "subject, however, to such additions, amendments, or reservations as the good of the service may require."