JOSEPH T. GORMLEY, JR., STATE'S ATTORNEY *v.*
NICHOLAS A. PANUZIO ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued January 2—decision released February 12, 1974

*Edward F. Kunin,* for the appellant (plaintiff).

*Leonard S. Paoletta,* for the appellees (defendants).

PER CURIAM. This action in the nature of mandamus was brought by writ and complaint dated December 1, 1972. It sought an order from the Superior Court for Fairfield County requiring the

1

defendant Nicholas A. Panuzio, as mayor of Bridgeport, and the defendant Frank S. McGee, as assessor of the city of Bridgeport, to implement a revaluation of taxable property in Bridgeport completed by Valuation Associates, Inc., a firm of independent municipal appraisers, and that "they further be ordered to use said values in setting the Real Estate Grand List of October 1, 1972." The Superior Court sustained a demurrer to the complaint and the plaintiff having failed and neglected to plead further, the court granted the defendants' motion for judgment. The plaintiff has appealed to this court from that judgment.

"Mandamus is an ancient common law writ, but its issuance is governed largely by equitable considerations, and it has been generally held that it will be denied where, by reason of events occurring subsequent to the commencement of the proceedings or because of the lapse of time, the relief sought would be nugatory or unavailing [citations omitted]." *State ex rel. Shelton* v. *Edwards,* 109 Conn. 249, 254-55, 146 A. 382. In mandamus, the factual situation existing at the time the writ is to issue governs. *State ex rel. Board of Education* v. *D'Aulisa,* 133 Conn. 414, 424, 52 A.2d 636; *State ex rel. Bulkeley* v. *Williams,* 68 Conn. 131, 155, 35 A. 24, 421.

This court cannot find facts, but in argument it was represented to us that the defendant McGee is no longer an assessor in Bridgeport, that the new assessor has implemented the revaluation on the 1973 grand list and the revaluation sought by the plaintiff is now effective. While counsel for the plaintiff claimed that he lacked knowledge as to whether the revaluation has been implemented on

the 1973 grand list, he did agree that it is now impractical to order that the 1972 grand list be computed on the basis of the revaluation made by Valuation Associates, Inc.—which is the relief which he sought in this action. In these circumstances, it is obvious that even if this court should conclude that the trial court was in error in sustaining the demurrer to the plaintiff's complaint, nevertheless, no practical relief can follow. "[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22; *Roy* v. *Mulcahy,* 161 Conn. 324, 328, 288 A.2d 64; Maltbie, Conn. App. Proc. §§ 21, 339. "The question presented is academic, and we must refuse to entertain the appeal." *Young* v. *Tynan,* 148 Conn. 456, 459, 172 A.2d 190.

The appeal is dismissed.