FRED B. ROSNICK *v.* ZONING COMMISSION OF THE TOWN OF SOUTHBURY

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 10, 1976—decision released February 1, 1977

*Frederick W. Krug,* for the appellant (plaintiff).

*James H. W. Conklin II,* for the appellee (defendant).

PER CURIAM. This action was brought as a result of the adoption of an "Interim Development Regulation" by the zoning commission of the town of Southbury effective April 9, 1975. The amendment was made applicable to portions of, but not all of, the business districts in the town. By its terms, the amendment regulated those portions of the business districts to which it applied by prohibiting the granting of zoning permits for any additional use or any change of use of land or buildings, or alterations or construction of any buildings. The amendment was to expire on December 31, 1975, or upon earlier termination by the zoning commission.

The plaintiff is an aggrieved owner of property in a business district affected by the amendment. In this action, the plaintiff alleges that he is "appealing from a decision of the Zoning Commission of the Town of Southbury." The prayer for relief is as follows: "The plaintiff claims: 1. That the action of the defendant zoning commission be declared unlawful and unconstitutional. 2. That said section 1A, Interim Development Regulation adopted by the defendant be declared null and void as to the premises of the plaintiff described in the aforesaid complaint. 3. Such other relief as may be equitable and proper."

A question thus arises as to whether this case is an appeal from a decision of the zoning commission or an action for a declaratory judgment.

The case cannot be maintained as one for a declaratory judgment because the requirements of Practice Book § 309 (d) have not been met. That section requires that all persons having an interest in the subject matter of the complaint be made parties or have reasonable notice of the action. The

requirement is a jurisdictional one, not a mere procedural regulation. *State ex rel. Kelman* v. *Schaffer,* 161 Conn. 522, 527, 290 A.2d 327; *Wenzel* v. *Danbury,* 152 Conn. 675, 677, 211 A.2d 683; *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 484, 196 A. 344.

All persons having property interests in the affected areas of the business districts in the town would have a direct interest in the subject matter of this action. *National Transportation Co.* v. *Toquet,* supra, 484.

In his brief, the plaintiff states that he "at trial restricted his appeal to the single ground that the amendment violated the provisions of Section 8-2 of the General Statutes requiring the zoning regulations to be uniform for each class of buildings or use of land throughout each district." The plaintiff's brief is also restricted to this single ground. That, if proven, would make the decision "illegal," and warrant sustaining an appeal. The brief is not inconsistent with characterization of the case as an appeal.

In a similar situation, this court has held that "[t]he presence of the prayers [for an injunction and a declaratory judgment] in the application, however, did not convert the appeal into some other form of action. *Willard* v. *West Hartford,* 135 Conn. 303, 305, 63 A.2d 847; *Kamerman* v. *LeRoy,* 133 Conn. 232, 237, 50 A.2d 175." *Fisher* v. *Board of Zoning Appeals,* 142 Conn. 275, 278, 113 A.2d 587. That being so, the application is to be treated as an appeal from a decision of the zoning commission.

Because the zoning regulation appealed from has expired we conclude that the appeal is moot. This

court does not sit to advise on abstract principles. *Kellems* v. *Brown,* 163 Conn. 478, 496, 313 A.2d 53, appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678. The effect of a decision sustaining the appeal would be to reverse the decision of the zoning commission adopting the regulation.[1] Sustaining the appeal does not entitle the appellant to an order directing the zoning authority to take action, unless as a matter of law there is only one conclusion the authority can reasonably reach. *Bogue* v. *Zoning Board of Appeals,* 165 Conn. 749, 345 A.2d 9; thus a decision of this court favorable to the appellant would entitle him only to the invalidation of a regulation which has already expired. In *DelMastro* v. *Liquor Control Commission,* 146 Conn. 740, 154 A.2d 241, where the plaintiff appealed from the denial of a liquor permit, and a new statute which would prevent one being granted to a party in his circumstances was subsequently enacted, the appeal was dismissed as moot. Likewise in *Roy* v. *Mulcahy,* 161 Conn. 324, 288 A.2d 64, where a change in the regulations regarding police promotional examinations was made after an action was brought for a declaratory judgment determining the eligibility requirements for the examination, the appeal was dismissed for mootness.

We are not convinced that this case presents a situation "capable of repetition, yet evading review." The United States Supreme Court has

[1] The plaintiff suggests that, were this court to find the regulation invalid, it might appropriately order that any zoning restrictions affecting the plaintiff's property which became effective subsequent to April 4, 1975, be stayed for the same amount of time that the regulation appealed from was in effect. Such relief would more than make the plaintiff whole for any injury suffered due to the regulation; it would bestow on him a benefit denied to all other property owners in the area subject to the regulation. Such relief would not be appropriate.

applied that term primarily to cases involving political candidates, *Moore* v. *Ogilvie,* 394 U.S. 814, 89 S. Ct. 1493, 23 L. Ed. 2d 1; voting requirements, *Dunn* v. *Blumstein,* 405 U.S. 330, 92 S. Ct. 995, 31 L. Ed. 2d 274; and pregnancy, *Roe* v. *Wade,* 410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147, reh. denied, 410 U.S. 959, 93 S. Ct. 1409, 35 L. Ed. 2d 694. In *Weinstein* v. *Bradford,* 423 U.S. 147, 96 S. Ct. 347, 46 L. Ed. 2d 350, the United States Supreme Court held that an action by a parolee claiming that a parole board must give him certain procedural rights in considering him for parole was mooted by his release from supervision. The case was not a class action and the "capable of repetition" exception did not apply since there was no reasonable expectation the same situation would reoccur as to this plaintiff. Accord, *DeFunis* v. *Odegaard,* 416 U.S. 312, 94 S. Ct. 1704, 40 L. Ed. 2d 164. That rationale applies equally to this action.

The appeal is dismissed.