CHRISTY HILL BUILDERS, INC. *v.* RICHARD C. HALL
ET AL.

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued May 15—decision released July 7, 1981

*George F. Sherwood,* with whom, on the brief, was *Denis R. Caron,* for the appellant (plaintiff).

*Frank N. Eppinger,* with whom, on the brief, was *Peter J. Bartinik,* for the appellees (defendants).

PARSKEY, J.   The plaintiff brought this action under General Statutes § 52-456[1] seeking a drainage easement over the defendants' land in connection with the development of a residential subdivision. The complaint alleged that a subdivision plan had been approved by the Ledyard planning commission.   After this action was commenced, however, the present defendants appealed the commission's approval of the plan to the Superior Court and secured a reversal on January 2, 1981.   Since then the plaintiff has withdrawn its subdivision plan from the planning commission.

The trial court in the present action declined to grant the plaintiff the drainage easement, holding that constitutional prohibitions against taking private property[2] prevented the plaintiff from

[1] "[General Statutes] Sec. 52-456. DRAIN ACROSS LAND OF ANOTHER. When the owner of land may wish to drain it, either by the necessary deepening or widening of a natural stream or by other means, and is unable to agree with the proprietors of adjacent lands as to the mode of draining it and the damages, he may make complaint to the superior court for the judicial district where such land is, for power to drain it across the lands of such adjoining proprietors; which complaint shall be served on them in the same manner as in the case of civil actions."

[2] The fifth amendment to the United States constitution provides in part: "nor shall private property be taken for public use, without just compensation."

Article I, § 11 of the Connecticut constitution provides:   "The

obtaining the easement because no sufficient public benefit had been demonstrated. We find it unnecessary to reach the constitutional issues addressed by the trial court because we conclude that the demise of the subdivision plan upon which the trial court based its decision leaves this appeal in legal limbo. *Gormley* v. *Panuzio*, 166 Conn. 1, 3, 347 A.2d 78 (1974); *Young* v. *Tynan*, 148 Conn. 456, 459, 172 A.2d 190 (1961). "When legal relief is sought relative to the doing of any act, the action stands or falls by the facts and governing law existing at the time of bringing suit." *State ex rel. Foote* v. *Bartholomew*, 106 Conn. 698, 700, 138 A. 787 (1927). This rule has special significance in a case such as this where most of the essential facts were stipulated to by the parties and relate specifically to the subdivision plan approved by the planning commission. The withdrawal from the planning commission of the subdivision plan which furnished the basis of the plaintiff's requested drainage easement detached the easement from its factual moorings. Since appellate review is not designed either to answer academic inquiries; id.; or to float trial balloons, such action by the plaintiff renders this appeal moot.[3]

The appeal is dismissed.

In this opinion the other judges concurred.

property of no person shall be taken for public use, without just compensation therefor."

These provisions preclude the taking of private property for a private use. *Connecticut College* v. *Calvert*, 87 Conn. 421, 424, 88 A. 633 (1913).

[3] We denied, on March 3, 1981, a motion to dismiss this appeal which presented the mootness issue. Upon consideration of the briefs and argument of the parties on the full hearing of the case, we are of the opinion that the motion was improvidently denied.