KOFKOFF EGG FARMS, LTD., ET AL. *v.*
DONALD C. JOHNSON ET AL.

PETERS, HEALEY, ARMENTANO, SHEA and SPONZO, Js.

Argued June 10—decision released August 17, 1982

*Robert C. Leuba,* with whom, on the brief, was *Leo J. McNamara,* for the appellants (plaintiffs).

*Thomas B. Wilson,* for the appellee (named defendant).

*Jon D. Berman,* with whom, on the brief, was *Bruce S. Beck,* for the appellees (intervening defendants Ronald Lake et al.).

PER CURIAM. This action is an application for a writ of mandamus to compel the issuance of a building permit. The plaintiffs, Kofkoff Egg Farms, Ltd., and Samuel Kofkoff individually, sought an order requiring the defendant Donald C. Johnson, building official of the town of Lebanon, to issue a permit for the construction of certain buildings on the plaintiffs' property in Lebanon. The plaintiffs have appealed the trial court's denial of their application for mandamus.

A brief procedural history is essential to an understanding of the present status of this litigation. On February 23, 1980, the plaintiffs filed with

the defendant Donald C. Johnson, building official of the town of Lebanon, a corrected application for a building permit to construct eleven chicken coops on their property. The application, which was submitted together with the necessary fees and plans, sought approval for construction that concededly complied with the town's zoning regulations and the state's basic building code. In response to an earlier defective application, a group of Lebanon citizens had, on January 28, 1980, filed an intervention petition with the town building department pursuant to General Statutes § 22a-19. The environmental concerns raised by the intervenors led the defendant to initiate certain inquiries that ultimately caused him to deny the plaintiffs' application on March 22, 1980. The plaintiffs successfully appealed that denial to the state building code standards committee which held that the defendant should have granted the plaintiffs the permit they were seeking. The intervenors then appealed the decision of the state building code standards committee to the Superior Court. While that appeal was pending, the plaintiffs again requested issuance of their permit, which again was denied. The present action for mandamus ensued.

The trial court in this case denied the plaintiffs' action for mandamus for the following reason. "Though the Court agrees with the plaintiffs that absent a stay, Mr. Johnson should have complied with the decision of the State Building Code of Standards Committee [sic] . . . the Court feels that issuance of a writ of mandamus would be an inappropriate means of enforcing this duty. The issue of the jurisdiction of the State Building Code of Standards Committee [sic], which the parties addressed at length in their briefs, must be decided

before the Court can determine whether the plaintiffs have a clear legal right to the issuance of the building permit. In light of the fact that these very issues are due to be heard in another proceeding within the New London Judicial District, the decision by this Court on the same matters would interject unnecessary confusion into this case."

While the plaintiffs' appeal from the denial of their action for mandamus was being pursued in this court, the Superior Court, *Hendel, J.,* heard the administrative appeal from the decision of the state building code standards committee. On May 7, 1982, after a full consideration of all of the intervenors' claims, including their allegations that the state building code standards committee lacked jurisdiction and acted erroneously, the trial court dismissed their appeal. This court subsequently, on June 3, 1982, denied the intervenors' petition for certification.

By the time this case was heard, for oral argument, on June 10, 1982, events had thus overtaken the decision of the trial court. The trial court's principal reason for its denial of mandamus, the pendency of the administrative appeal, had been removed by the decision in the plaintiffs' favor. The alternative grounds upon which a denial of mandamus might have been predicated, the claimed lack of jurisdiction of the state building code standards committee and the claimed right to insist on further environmental safeguards,[1] have similarly been adjudicated in the plaintiffs' favor. None of the parties denies that the judgment of Judge

[1] These issues were properly preserved by appropriate preliminary statements of issues filed by the appellees to propose alternate grounds upon which the trial court's judgment could be affirmed. Practice Book § 3012 (a).

Hendel is a final judgment that operates as res judicata to bar relitigation of the claims that he has adjudicated. See *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973).

In this state of the record, the first issue that we must address is whether the present litigation has now become moot. We recognize that this is not the ordinary case of mootness in which the appeal is dismissed because the aggrieved party can derive no benefit from an order of this court. See, e.g., *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 250, 440 A.2d 310 (1982); *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union,* 177 Conn. 17, 20, 411 A.2d 1 (1979); *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944). We understand that the plaintiffs continue to have a real and lively interest in the issuance of the building permit that they have sought since February, 1980. Nonetheless we are confronted with a situation in which their appeal is from a judgment based on a factual predicate that no longer exists. It would be pointless for us now to review whether the trial court was correct in denying the plaintiffs' application for mandamus because of the pending administrative appeal. There is no longer any pending administrative appeal; instead we have a final judgment in the plaintiffs' favor. This case is moot for the same reason as are cases involving an injunction that has expired; *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union,* supra; a zoning regulation that has expired; *Rosnick* v. *Zoning Commission,* 172 Conn. 306, 308–309, 374 A.2d 245 (1977); or a statute that has been amended. *DelMastro* v. *Liquor Control Commis-*

*sion,* 146 Conn. 740, 741, 154 A.2d 241 (1959). It would be equally pointless for us to entertain the issues raised by the appellees' various alternate grounds when we have already decided, by our denial of certification, not to review Judge Hendel's final judgment that adjudicated these claims adversely to the appellees.

The court will, however, note that our decision to declare this appeal moot is much facilitated by the candor and courtesy of counsel for the defendant and counsel for the intervenors when the issue of mootness was discussed at the oral argument. Counsel for the defendant represented to the court that if this appeal is dismissed as moot he would advise the building official to issue the permit forthwith. Both counsel acknowledged that there were no outstanding issues between the parties that had not been decided by Judge Hendel's decision, and that that decision would operate, as res judicata, to preclude further defense of any subsequent mandamus action. In reliance on these representations, we dismiss the appeal as moot.

The appeal is dismissed.