FREDERICK ADAMS GROESBECK, JR. v. JAMES J. SOTIRE, JR., ET AL.
(2301)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued October 12—decision released December 6, 1983

*Richard W. Farrell,* for the appellants (defendants).

*Daniel D. McDonald,* with whom, on the brief, was *James E. O'Donnell,* for the appellee (plaintiff).

HULL, J. The plaintiff sought an order of mandamus to compel the defendant James J. Sotire, Jr., the building official and zoning enforcement officer for the city of Stamford, to issue a building permit for the construction of an office building. Michael D. Macri and William D. Sabia, both of whom were involved in zoning enforcement, were the other defendants. All three defendants were represented at the trial level by the corporation counsel of the city.

The trial court, in a thoughtful and analytical decision dated July 30, 1981, granted mandamus and ordered the issuance of the permit. The office of corporation counsel decided not to appeal this matter. On August 18, 1981, the law firm of Abate, Fox and Farrell entered an appearance for the city of Stamford and filed this appeal.[1] Richard Farrell of that firm claims authorization from the mayor of Stamford to file the appeal. The Supreme Court denied the plaintiff's motion to dismiss the appeal, which was based on the grounds of mootness, waiver and estoppel, on February 2, 1983, without opinion.

This court is not bound by the earlier denial of a motion to dismiss. In *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corporation,* 187 Conn.

[1] This appeal, originally filed in the Appellate Session of the Superior Court, was transferred to the Supreme Court, and was thereafter transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

509, 511 n.6, 446 A.2d 1082 (1982), the Supreme Court stated: "We raise this question by our own motion. The defendants originally raised this question in a motion to dismiss filed October 31, 1980. On December 2, 1980, we denied this motion. After a review of the case upon full briefing, however, we have concluded that it is necessary to reconsider our jurisdiction to hear this case." In three earlier cases, the court denied a motion to dismiss but then reconsidered the matter after oral argument on the merits of the appeal. *Christy Hill Builders, Inc.* v. *Hall*, 184 Conn. 575, 577 n.3, 439 A.2d 1065 (1981); *Southbury* v. *American Builders, Inc.*, 162 Conn. 633, 634, 295 A.2d 566 (1972); *Gores* v. *Rosenthal*, 148 Conn. 218, 220–21, 169 A.2d 639 (1961).

Jurisdiction over an appeal requires the existence of an actual and existing controversy. *Delevieleuse* v. *Manson*, 184 Conn. 434, 436, 439 A.2d 1055 (1981); *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union*, 177 Conn. 17, 19, 411 A.2d 1 (1979); *Reynolds* v. *Vroom*, 130 Conn. 512, 515, 36 A.2d 22 (1944); see *Kofkoff Egg Farms, Ltd.* v. *Johnson*, 188 Conn. 141, 144–45, 448 A.2d 826 (1982). This court will not entertain academic questions. *Young* v. *Tynan*, 148 Conn. 456, 459, 172 A.2d 190 (1961). After a full hearing, this court now reconsiders and, on its own motion, dismisses the present appeal on the basis of mootness.

The Supreme Court held, in *Reilly* v. *State*, 119 Conn. 217, 222–23, 175 A. 582 (1934), that the fact that execution issued upon the judgment in the original action, and that it was satisfied, did not bar an appeal. Such a rule, however, is based upon an entirely different situation from that presented here. It would clearly be unfair that a litigant, denied a stay of execution, be refused the right of appeal.

The general rule is stated in *Southbury* v. *American Builders, Inc.*, supra, 634, as follows: "During oral argument the defendants acknowledged that they no

longer had any interest in the premises in question because of a foreclosure subsequent to this appeal. Although a party may have had an appealable interest in a controversy, if, after judgment, his interest is either conveyed or transferred absolutely or terminated by operation of law, his right to appeal is lost, since he no longer has any interest in the litigation and is not injured by the result of the action. *Newton* v. *Barnett,* 146 Conn. 344, 346, 150 A.2d 821 [1959]; *Braasch* v. *Mandel,* 40 Del. Ch. 12, 172 A.2d 271 [1961]; 4 Am. Jur. 2d, Appeal and Error, § 179." In *Nader* v. *Altermatt,* 166 Conn. 43, 56, 347 A.2d 89 (1974), where the plaintiff, during the pendency of the appeal, had tendered her shares of Hartford Fire Insurance Company stock for IT&T stock pursuant to an exchange offer, the appeal from the defendant insurance commissioner's approval of the transaction was moot as to her. The Supreme Court has recognized that "the actions of parties themselves, by settling their differences, can cause a case to become moot." *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 251, 440 A.2d 310 (1982).

In the present case, the defendant building official voluntarily issued the permit after the corporation counsel decided not to appeal. Other counsel for the *same defendants* thereafter filed the appeal. Such a "now you see it, now you don't" performance makes a mockery of the even-handed administration of zoning regulations.

The matter has been rendered moot by the defendants' own action and cannot be revived Lazarus-like by importing another set of lawyers into the case.

In light of our disposition of the case, it is not necessary to consider the plaintiff's claims seeking dismissal on the grounds of waiver and estoppel.

The appeal is dismissed.

In this opinion the other judges concurred.