BRIDGEPORT JAI ALAI, INC. *v.* GAMING POLICY BOARD ET AL.
(3042)

HULL, SPALLONE and DALY, Js.

Argued December 13, 1984—decision released February 12, 1985

*Austin K. Wolf,* with whom were *Stewart I. Edelstein* and, on the brief, *William F. Askinazi,* for the appellant-cross appellee (plaintiff).

*Richard M. Sheridan,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Laura F. Muggeo,* for the appellee-cross appellant (named defendant).

*Bourke G. Spellacy,* with whom, on the brief, was *Michael D. Neubert,* for the appellee (defendant Berenson Pari-Mutual, Inc.).

*Philip Baroff,* with whom was *Matthew B. Woods,* for the appellee (defendant Milford Jai Alai, Inc.).

PER CURIAM. The plaintiff in this appeal, Bridgeport Jai Alai, Inc. (Bridgeport), claims error in the trial court's decision upholding the determination of jai alai dates by the gaming policy board. The defendant cross appeals contesting the court's decision that the plaintiff had a right to appeal. We do not reach the merits of either the appeal or the cross appeal because both are moot.

On October 19, 1983, the gaming policy board conducted a hearing to assign dates during which the three jai alai frontons in Connecticut could operate in 1984. On that date, the board set dates that Bridgeport alleges were unfairly advantageous to the defendant Berenson Pari-Mutual, Inc. (Hartford Jai Alai).[1]

Having exhausted its administrative remedies, Bridgeport appealed the board's assignment of its and

---

[1] Milford Jai Alai is also a defendant herein.

Hartford Jai Alai's dates to the Superior Court. That court expressly decided that Bridgeport had the right to appeal, and, concluding that the board had not acted improperly, upheld its decision.

Bridgeport then filed the present appeal, claiming that the trial court erred in upholding the board's decision and the board cross appealed asserting that the trial court erred in not dismissing the appeal.[2]

Since the last date at issue herein is December 31, 1984, this appeal cannot afford Bridgeport any real relief. " 'It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.' *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 [1944]; *Phaneuf* v. *Commissioner of Motor Vehicles,* 166 Conn. 449, 452, 352 A.2d 291 [1974]; *Harkins* v. *Driscoll,* 165 Conn. 407, 409, 334 A.2d 901 [1973]; *Roy* v. *Mulcahy,* 161 Conn. 324, 328, 288 A.2d 64 [1971]; Maltbie, Conn. App. Proc. § 21. In the absence of an actual and existing controversy for us to adjudicate in any sense of the term, the courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law; *Reply of the Judges,* 33 Conn. 586 [1867]; and where the question presented is purely academic, we must refuse to entertain the appeal. *Young* v. *Tynan,* 148 Conn. 456, 459, 172 A.2d 190 [1961]." *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union,* 177 Conn. 17, 19, 411 A.2d 1 (1979); *Accurate Forging Corporation* v. *UAW, Local No. 1017,* 189 Conn. 24, 26, 453 A.2d 769 (1983); *Connecticut State Employees Assn.*

---

[2] The basis of the board's assertion is that the case could not be appealed as it was not a contested case within the provisions of the Uniform Administrative Procedure Act; General Statutes §§ 4-166 through 4-189; nor was it an appeal authorized by General Statutes § 12-574 (m).

v. *AFSCME,* 188 Conn. 196, 199–200, 448 A.2d 1341 (1982); *CEUI* v. *CSEA,* 183 Conn. 235, 246–47, 439 A.2d 321 (1981); *Groesbeck* v. *Sotire,* 1 Conn. App. 66, 68, 467 A.2d 1245 (1983). Since the appeal can provide no actual relief to Bridgeport, we conclude that it is moot.

Similarly, the board's cross appeal is also moot. The board seeks only a declaration that there is no right of appeal from the board's statutory decision setting jai alai dates either as a contested decision under the Uniform Administrative Procedure Act[3] or as authorized by General Statutes § 12-574 (m). The board, however, prevailed at the trial although not specifically on the question of the right to appeal. The board claims that this is a case that is "capable of repetition, yet evading review." Although that doctrine is frequently applied where the party disclaiming mootness did not prevail on the principal issue involved, we do not consider it applicable to a case such as this where the party so claiming prevailed in the trial court although on a different issue from the one sought to be decided. See *Kofkoff Egg Farms, Ltd.* v. *Johnson,* 188 Conn. 141, 144, 448 A.2d 826 (1982). We will not provide opinions on purely academic points of law to satisfy a party which was successful on the merits of its case below. See *Christy Hill Builders, Inc.* v. *Hall,* 184 Conn. 575, 577, 439 A.2d 1065 (1981).

The appeal and cross appeal are both dismissed.

---

[3] General Statutes §§ 4-166 through 4-189.