ANN MCDONNELL *v.* EDWARD MAHER, COMMISSIONER
OF THE DEPARTMENT OF INCOME MAINTENANCE
(2194)

DUPONT, C.P.J., HULL and BORDEN, Js.

Argued December 4, 1984—decision released March 5, 1985

Robert A. Nagy, assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (defendant).

*Gregory Read,* for the appellee (plaintiff).

DUPONT, C.P.J. This is an appeal by the defendant commissioner of income maintenance from a judgment which sustained the plaintiff caretaker's appeal from a denial of her application for public assistance benefits for her grandchildren. The plaintiff originally applied for public assistance benefits under the Aid to Families with Dependent Children (AFDC) program on behalf of her two minor grandchildren who reside with her. The application was denied because it was found that the minors were beneficiaries of two trust accounts

held by a New Jersey probate court, that the funds could be invaded and that the funds were available for the minors' support.

The trial court sustained the plaintiff's appeal, holding that the minors, under their grandmother's care, were eligible for public assistance. The court found that the trust funds were not available to the children and that securing the release of the trust funds under New Jersey law would present a significant economic hardship to the plaintiff who was not then the children's legal guardian.

The issues raised on appeal to this court need not be reached since the case is moot. The essence of this appeal, and the practical relief sought by the plaintiff on behalf of her two grandchildren, is to establish their eligibility for public assistance. At oral argument in this court, it was disclosed that for more than two years, since June, 1982, this relief has been afforded to the plaintiff, and that the grandchildren have been receiving AFDC assistance. When the actions of the parties themselves cause a settling of their differences, a case becomes moot. See, e.g., *Heitmuller* v. *Stokes*, 256 U.S. 359, 362–63, 41 S. Ct. 522, 65 L. Ed. 990 (1921); *Nader* v. *Altermatt*, 166 Conn. 43, 56, 347 A.2d 89 (1974); *Groesbeck* v. *Sotire*, 1 Conn. App. 66, 68, 467 A.2d 1245 (1983). The intervening circumstance, here of awarding the relief requested, nullifies the controversy between the parties. The defendant had not, as of the date of oral argument, made any attempt to revoke the AFDC benefits.

The United States Supreme Court has aptly stated: "This Court will not proceed to a determination when its judgment would be wholly ineffectual for want of a subject matter on which it could operate. An affirmance would ostensibly require something to be done which had already taken place. A reversal would osten-

sibly avoid an event which had already passed beyond recall. One would be as vain as the other. To adjudicate a cause which no longer exists is a proceeding which this Court uniformly has declined to entertain." *Brownlow* v. *Schwartz,* 261 U.S. 216, 217–18, 43 S. Ct. 263, 67 L. Ed. 620 (1923); see *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 252, 440 A.2d 310 (1982).

The commissioner insists that this court's decision will determine whether the children will remain on assistance in the future or will be obligated to reimburse the state for assistance that has already been improperly issued. No claim, however, has been made by the defendant that, if an appellate decision is adverse to the plaintiff's interests, the children will be taken off AFDC benefits. Inversely, no claim has been made that, if appellate review requires eligibility, the children would receive retroactive payments. "To maintain the appeal, the [defendant] must (1) have a specific, personal and legal interest in the subject matter of the appeal; *Sheridan* v. *Planning Board,* 159 Conn. 1, 13, 266 A.2d 396 [1969]; (2) sustain that interest throughout the course of the appeal; *Phaneuf* v. *Commissioner of Motor Vehicles,* 166 Conn. 449, 454, 352 A.2d 291 [1974]; and (3) be able to obtain some practical benefit or relief. *Harkins* v. *Driscoll,* 165 Conn. 407, 409, 334 A.2d 901 [1973]." *Craig* v. *Maher,* 174 Conn. 8, 9–10, 381 A.2d 531 (1977).

At oral argument, the defendant suggested that an unidentifiable administrative error possibly contributed to the children being placed on public assistance. The "why" of the receipt of benefits is an academic question. The fact of the receipt of benefits is uncontrovertible, rendering the conflict of the parties moot.

The defendant seeks an advisory decision from this court to gain statutory interpretation of "eligibility"

and "available resources" as those words apply to putative recipients of public benefits. Without an actual controversy, the case is a hypothetical tempest in an appellate teapot.

The appeal is dismissed.

In this opinion the other judges concurred.