CHESTER D'AGOSTINO ET AL. *v.* CITY OF NEW BRITAIN ET AL.

ANTHONY RAIA *v.* CITY OF NEW BRITAIN ET AL.
(2769)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued December 4, 1985—decision released April 15, 1986

*Joseph E. Skelly, Jr.,* for the appellants-appellees (defendants).

*Harold J. Geragosian* and *Henry S. Zembko, Jr.,* for the appellees-appellants (plaintiffs).

BIELUCH, J. This appeal arises out of two consolidated actions wherein the plaintiffs sought and obtained writs of mandamus compelling the defendant city of New Britain to promote each of the three plaintiffs to the position of lieutenant in its fire department. The defendants[1] have appealed from the judgment, alleging numerous errors in the trial court's decision. The plaintiffs have cross appealed, alleging that the court could also have granted the writs of mandamus on an additional ground. Because we find no error on the defendants' appeal, we conclude that the cross appeal is moot.

The trial court found the following facts. On August 13, 1980, the defendant civil service commission issued a promotional list of seventeen firefighters, in order of rating, who had passed promotional examination P-651 and who could therefore be promoted to fill vacancies in the New Britain fire department with the rank of lieutenant. The promotional list was, by operation of chapter 3, § 372, of the New Britain charter, effective for one year only.[2]

---

[1] In addition to the city of New Britain, the city's board of fire commissioners, civil service commission, and acting personnel director were also named as defendants.

[2] On November 3, 1981, this limitation on promotional lists was removed from the charter by New Britain's electorate.

During the year in which this list was effective, the first thirteen firefighters thereon were promoted to the rank of lieutenant. The fourteenth firefighter on the list, Kevin Smith, was promoted to the rank of lieutenant after the list expired as the result of a negotiated settlement in a grievance proceeding filed by Smith through the firefighters' union. Smith had claimed that a vacancy existed at the rank of lieutenant when the list expired, and, therefore, that he should have been promoted to fill that vacancy. The plaintiffs, who were the remaining three firemen on the promotional list, also filed a similar grievance, but, in addition, they brought the present actions.[3]

Nearly two years after these actions were instituted, the city of New Britain moved for their dismissal on the ground that the plaintiffs had not exhausted their administrative remedies prior to bringing suit, thus depriving the trial court of jurisdiction. The court noted that the written motions were not timely, and that similar motions, made orally on August 14, 1981, shortly after the actions commenced, had been denied. Nonetheless, the court reviewed the merits of the claim and concluded, in a thorough memorandum of decision, that the subject matter of the actions was not "within the purview of the collective bargaining agreement" and, therefore, could not be dealt with in a grievance. The court therefore concluded that the plaintiffs had not failed to exhaust their administrative remedies and denied the motions to dismiss.

After a trial, the court found that there were at least three vacancies in the position of lieutenant in the New Britain fire department on and before the expiration of the promotional list on August 13, 1981, which were improperly held by persons with provisional appoint-

---

[3] Although the plaintiffs Chester D'Agostino and Joseph Piatek filed one action, and the plaintiff Anthony Raia filed another, these actions were consolidated for trial, and a single appeal was taken by the defendants.

ments as acting lieutenants.[4] The plaintiffs should have been appointed to these vacancies from the promotional list. On the basis of that finding, the court issued a writ of mandamus in each case. The court, however, rejected the plaintiffs' alternative claim that several positions in upper echelons above the rank of lieutenant had not been filled, except by provisional assignments, and that the failure to fill those positions by promotion from the lower ranks denied the plaintiffs openings in the ranks of lieutenant for their promotion before August 13, 1981. This argument, called the "domino theory" by the plaintiffs, was rejected by the court because the plaintiffs had "no standing to raise the issue in court because none [was], nor could have been, [a candidate] for any of the [upper echelon] positions."

In their appeals, the defendants claim that the court erred (1) in denying their motions to dismiss the complaint on the ground that the plaintiffs had failed to exhaust their administrative remedies, and (2) in concluding that four additional vacancies existed at the rank of lieutenant during the existence of and on expiration of the promotional list. This latter claim of error is made in three separate arguments in their brief. The plaintiffs' cross appeal claims as error (1) the court's failure to accept their "domino theory," (2) its conclusion that the list automatically expired at the end of one year, (3) its conclusion that the defendant acting personnel director for the city was not required to take affirmative steps to cancel or terminate the promotional list, and (4) its failure to deny the defendants' motions to dismiss the actions on the additional ground that the grievance procedure was not an adequate remedy to secure the desired result.

---

[4] Chapter 3, § 375, of the charter of the city of New Britain provides for provisional appointments to be made until the establishment of a promotional list. In no case may such an appointment exceed three months in duration, nor may any person receive more than one such appointment in any fiscal year.

Turning to the first claim of error raised by the defendants' appeal, we find that the trial court rightly held that this dispute was not a proper subject for collective bargaining. The court correctly concluded, therefore, that the grievance procedure was inappropriate and that the plaintiffs had not failed to exhaust their administrative remedies.

General Statutes (Rev. to 1979) § 7-474 (g) provides: "The conduct and the grading of merit examinations, the rating of candidates and the establishment of lists from such examinations and the *appointments from such lists* and any provision of any municipal charter concerning political activity of municipal employees shall not be subject to collective bargaining." (Emphasis added.)[5] This case squarely presents a dispute involving a promotional appointment from such a merit list. Consequently, collective bargaining, and the grievance procedures imposed thereby, cannot apply here. While it is clear that employees must ordinarily exhaust their

---

[5] General Statutes § 7-474 (g) was amended by Public Acts 1982, No. 82-212, § 1, to provide: "Nothing herein shall diminish the authority and power of any municipal civil service commission, personnel board, personnel agency or its agents established by statute, charter or special act to conduct and grade merit examinations and to rate candidates in the order of their relative excellence from which appointments or promotions may be made to positions in the competitive division of the classified service of the municipal employer served by such civil service commission or personnel board. The conduct and the grading of merit examinations, the rating of candidates and the establishment of lists from such examinations and the *initial* appointments from such lists and any provision of any municipal charter concerning political activity of municipal employees shall not be subject to collective bargaining, *provided once the procedures for the promotional process have been established by the municipality, any changes to the process proposed by the municipality concerning the following issues shall be subject to collective bargaining: (1) The necessary qualifications for taking a promotional examination; (2) the relative weight to be attached to each method of examination; and (3) the use and determination of monitors for written, oral and performance examinations. In no event shall the content of any promotional examination be subject to collective bargaining."* (Emphasis added.) The emphasized portion was added by the 1982 amendment.

grievance procedures prior to resorting to our courts; *McNish* v. *American Brass Co.*, 139 Conn. 44, 53, 89 A.2d 566 (1952), cert. denied, 344 U.S. 913, 73 S. Ct. 336, 97 L. Ed. 704 (1953); where the subject of the dispute is not within the scope of the collective bargaining agreement, grievance procedures established by collective bargaining agreements do not apply. Section 13:1 of the collective bargaining agreement between the city of New Britain and its firefighters specifically provides that the term grievance means "disputes over the interpretation or application of any written section or sections of this Agreement." Since § 7-474 (g) expressly precludes the dispute here from being governed by collective bargaining, the grievance procedure cannot apply. Consequently, the trial court was correct in denying the defendants' motions to dismiss the complaints against them.

The defendants' remaining claims relate to the court's conclusion that four vacant lieutenancies existed in the fire department during the existence of and on termination of the promotional list. This conclusion, according to the defendants, was unsupported by the evidence and was based on an erroneous finding that the four provisional appointments of privates to the rank of lieutenant were improper.

We have reviewed the record, and we conclude that the trial court's conclusion was amply supported by the evidence. The defendant, Walter McCusker, who was acting personnel director for the city of New Britain during the time the list was in effect, testified that there were thirty-one active lieutenancies listed on the city personnel records at all relevant times. He further testified that there were only twenty-six or twenty-seven lieutenants in the ranks as of August 13, 1981. Salvatore M. DeAngelis, then acting clerk of the fire board, testified, however, that thirty-three people were receiving lieutenant's pay at the time. In addition, there

was evidence that three firefighters, Privates Richard Dzwonkowski, Donald Janelle, Jr., and Salvatore M. DeAngelis, had each held provisional lieutenant positions in excess of two years at the time of trial, and that all of these appointments had originally been made during the time when the promotional list in issue was effective. This evidence clearly permitted the reasonable inference that at least three, and possibly four, vacancies in the roll of lieutenants existed at that time which were being filled by provisional or temporary appointees.

The defendants' further argument is that these provisional appointees were, in fact, "acting" appointees as provided for by § 10:2 of the collective bargaining agreement. That provision, however, does not create an "acting" class of employees. Rather, it merely provides that if a firefighter serves for at least one full day or more in a higher employment capacity, then that employee must be paid the minimum wages of the higher rank for that position while temporarily performing the duties thereof in an acting capacity. This clause in the collective bargaining agreement is found in article ten, entitled "Wages." It does not deal with the appointment process, and is consistent with the provisional appointment provision of § 375 of the charter of the city of New Britain. Section 375, however, expressly limits provisional appointments to a maximum of three months. In the present case, Dzwonkowski, Janelle and DeAngelis had been serving as provisional lieutenants for periods in excess of that maximum. Under these circumstances, we conclude that the court did not err in characterizing the defendants' promotional practices as "an intentional, flagrant and substantive violation of the Merit Act."

Finally, the defendants assert that the court's "creation" of four openings in the ranks of lieutenant usurped the exclusive power of the city to create such

positions in violation of the separation of powers doctrine. This argument is premised on the factual assumption that the court did, in fact, "create" those positions. Our conclusion that the court correctly found that those positions existed, but were illegally filled to the exclusion of proper promotees, makes it unnecessary to discuss this argument any further.

With regard to the plaintiffs' cross appeals, since no further practical relief could follow from a review of the issues presented therein, the cross appeals are moot. *Bridgeport Jai Alai, Inc.* v. *Gaming Policy Board,* 3 Conn. App. 254, 256, 487 A.2d 208 (1985).

There is no error on the appeal and the cross appeals are dismissed.

In this opinion the other judges concurred.