[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
During the trial of this summary process action, the defendant disclosed that she no longer resided in the demised premises and did not desire to do so. "Summary process is . . . aimed at deciding the simple question of who is entitled to possession?'" Urban v. Prims, 35 Conn. Sup. 233, 236 (1979); see also Southland Corporation v. Vernon, 1 Conn. App. 439, 443
(1984) ("The ultimate issue in a summary process action is the right to possession."). Where the defendant no longer is in possession of the subject premises; Smith v. Jernigan, Superior Court, Judicial District of Hartford-New Britain at Hartford, No. SPH-8511-30890-HD (January 30, 1986); Sousa v. Canzanella,
Superior Court, Judicial District of New Haven, No 8112-461 (December 31, 1981); and maintains no claim to possession of the premises; Kreho v. Fernandes, Superior Court, judicial district of New Haven, Housing Session, No. SPNH 9610-45683 (April 29, 1997); there is no controversy between the parties within the ambit of the complaint. "It is a well-settled general rule that . . . it is not the province of . . . courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow."Reynolds v. Vroom, 130 Conn. 512, 515, 36 A.2d 22 (1944). "Mootness implicates the subject matter jurisdiction of this court." Sadlowski v. Manchester, 206 Conn. 579, 583,538 A.2d 1052 (1988). For this reason, the action is dismissed.
BY THE COURT
Bruce L. LevinJudge of the Superior Court