[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs, Nancy King, Richard and Tania Cudney, John and Donna Rohs, and Carlton and Elizabeth Pierpont, residents of Darien who own land within 100 feet of lots owned by Kent and Lisa Eppley ("Eppleys"), appeal a decision of the defendant, Darien Planning and Zoning Commission ("Commission") granting the Eppleys' application for modification of a re-subdivision previously approved by the Commission. The Eppleys' are also named as defendants. The Commission acted pursuant to Connecticut General Statutes 8-26. The plaintiffs appeal pursuant to Connecticut General Statutes 8-8.
Procedural History
The Commission published notice of its decision to grant the Eppleys' application for a modification of a resubdivision on March 11, 1993, in the Darien News-Review. (Supplement to Return of Record, dated February 3, 1994.) Plaintiffs served the defendants by leaving a true and attested copy of the original writ, summons, and zoning appeal with the secretary of the Commission, the assistant town clerk, and Lisa Eppley, for herself and Kent Eppley, on March 26, 1993. (Sheriff's Return.) The appeal was filed with the superior court on April 2, 1993. The Eppleys' filed an answer on May 4, 1993, and the defendant Commission filed an answer on July 8, 1993, along with the return of record. The return of record was supplemented on July 26, 1993 and August 13, 1993. The plaintiffs filed a brief on September 13, 1993, and the Eppleys' filed a brief on October 7, 1993, which the Commission adopted on November 8, 1993. On October 6, 1993, the plaintiffs filed a motion to introduce evidence outside the record. The appeal was heard by the court (Cocco, J.) on November 23, 1993, at which time, the court denied the plaintiffs' motion to introduce evidence outside the record.
Facts
In early 1989, the Eppleys, predecessors in interest, John and Margaret Starbuck, sought to re-subdivide their property, located CT Page 2704 on Indian Trail in Darien, into two residential lots. (Return of Record [ROR] Item 9, exhibit 7.) One lot would contain the Starbuck's present residence, and the other would be suitable for development. (ROR Item 9, exhibit 7.) The Starbucks' applied to the Darien Planning and Zoning Commission for a resubdivision of their property; (ROR, Item 9, exhibit 7); and applied to the Darien Zoning Board of Appeals for a variance; (ROR, Item 11); both of which were granted. (ROR, Item 9, exhibit 7.) The resubdivision plan called for, inter alia, the extension of public water lines to serve the new house and installation of a fire hydrant on that line. (ROR, Item 9, exhibit 1.) In addition, the Commission determined that Indian Trail could not reasonably fulfill the town's standards for roads and instead required that the road be a smooth hard surface and sufficiently clear of vegetation to provide a 12 foot wide and 10 foot high clearance to the site. (ROR, Item 9, exhibit 1.) Surrounding property owners appealed the Commission's decision to grant the resubdivision application. (ROR, Item 9, exhibit 7.) Before the court ultimately dismissed the appeal, the Starbucks transferred the subject property to the Eppleys. (ROR, Item 9, exhibit 7; Rohs v. Darien Planning Zoning Commission, Superior Court, Judicial District of Stamford/Norwalk at Stamford, docket no. 05 24 43 (May 28, 1991).)
In a letter dated October 6, 1992, Kent Eppley described the resubdivision stipulations that had been met and requested that the Commission modify two requirements. (ROR, Item 1.) In particular, Eppley requested that he be allowed to supply the lot that was to be developed with water through a private well rather than linking it to the town water system. (ROR, Item 1.) In light of that request, he asked that he not be required to install a fire hydrant. (ROR, Item 1.) In addition, Eppley requested the clearance on a small portion of Indian Trail be 10 feet rather than 12 feet wide, in deference to neighborhood objection to the disturbance of mature vegetation. (ROR, Item 1.)
Accompanying the application were letters from town officials indicating their acquiescence to his requests. (ROR, Item 1.) The Darien Fire Marshall informed the Commission that a hydrant was not necessary for safety and that clearance of 10 rather than 12 feet would be sufficient in the specified area. (ROR, Item 1.) In addition, the Environmental Health Administrator of the Darien Department of Health informed the Commission that a private well was acceptable as long as it met the Connecticut Public Health Code. (ROR, Item 1.) Landowners abutting the Eppleys' notified CT Page 2705 the Commission that they objected to the proposed modifications and requested a public hearing on the issue. (ROR, Item 1.)
On November 17, 1992, the Commission voted to hold a public hearing on the application. (ROR, Item 2.) The Commission published notice of the hearing twice in the Darien News-Review (ROR, Item 3), and the Eppleys' notified all abutting landowners by certified mail, return receipt requested. (ROR, Items 7 8.) The public hearing was held on January 26, 1993. (ROR, Item 11.)
At the hearing, the Eppleys' application was presented by Terry Coats ("Coats") who indicated that the modifications were requested because neighbors had resisted the carrying out of the resubdivision plan. (ROR, Item 18, at 11-12.) In the course of questions put to Coats it became clear that ownership of Indian Trail is unknown. (ROR, Item 18, at 21-22.) Kevin Butemueller, spoke in opposition to the application on behalf of the plaintiffs in this action. (ROR, Item 18, at 22.) In addition, several of the property owners who abut the subject land individually expressed their opposition to the application. (ROR, Item 18, at 44-50.)
At a meeting of the Commission on February 5, 1993, the zoning enforcement officer, David Keating, presented to the Commission findings from research he did concerning the status and ownership of Indian Trail. (ROR, Item 14.) He found that the Commission had historically treated and approved the lay out of Indian Trail as a street, but that ownership of it was still unknown. (ROR, Item 14.) The Commission voted to adopt a resolution that included its detailed findings and granted the application to modify its previous resolution regarding the resubdivision. (ROR, Item 14.) In particular, the Commission cited the approvals of the proposed modifications given by the Health Department and Fire Marshall. (ROR, Item 14.) In addition, it noted that in its original resolution in 1989, it had not required that public water lines be used. (ROR, Item, 14.)
Discussion
Aggrievement
Aggrievement is a jurisdictional question. Winchester Woods Association v. Planning and Zoning Commission, 219 Conn. 303,307, 592 A.2d 953 (1991). Pursuant to Connecticut General Statutes8-8, any individual who owns property abutting or within a radius of CT Page 2706 one hundred feet of any portion of property involved in the decision or action contested is aggrieved. Smith v. Planning 
Zoning Board, 3 Conn. App. 550, 552, 490 A.2d 539 (1985). In their appeal, the plaintiffs allege that they own property within 100 feet of the Eppleys' property. At the hearing before the court, plaintiff Pierpont testified that he owned property within 100 feet of the Eppleys' property. Accordingly, the court concludes that plaintiff Pierpont is aggrieved and has standing to bring this appeal.
Timeliness
Pursuant to 8-8(b) of the Connecticut General Statutes, a party appealing a decision of the Commission must do so by commencing service of process within 15 days from the date that notice of the Commission's decision was published. Plaintiffs commenced this action by service of process on the town clerk, the secretary of the Commission, and Lisa Eppley on March 26, 1993, fifteen days after notice of the commission's decision appeared in the Darien News-Review. (Sheriff's return.) Accordingly the court concludes the appeal was timely filed.
Standard of Review
"Where a zoning authority has stated the reasons for its action, a reviewing court may only determine if the reasons given are supported by the record and are pertinent to the decision." (Citation omitted.) Torsiello v. Zoning Board of Appeal, 3 Conn. App. 47,50, 484 A.2d 483 (1984). "Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of its legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply." (Internal quotation marks omitted; citation omitted.) Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152, 543 A.2d 1339 (1988). The court's review of the commission's decision is limited to determining whether it was unreasonable, arbitrary, or illegal. Id. The burden of proof is on the plaintiff to show that the commission acted improperly. Spero v. Zoning Board of Appeals,217 Conn. 435, 440, 586 A.2d 590 (1991).
In their appeal, the plaintiffs set forth five grounds for finding that the Commission acted illegally, arbitrarily or in abuse of its discretion. In their brief, the plaintiffs address only two of the grounds they initially raised. When a party fails CT Page 2707 to address in its brief arguments raised in the appeal, the court is entitled to consider them abandoned. Ierardi v. Commission on Human Right Opportunities, 15 Conn. App. 569, 585, 546 A.2d 870, cert. denied, 209 Conn. 813, 550 A.2d 1082 (1988). Therefore the court will address the two grounds briefed by the plaintiffs, and will deem the remainder of the issues raised in the appeal abandoned.
The plaintiffs first argue that the Commission acted arbitrarily, capriciously and in abuse of its discretion because it found, without the support of substantial evidence on the record, that the undeveloped parcel owned by the Eppleys' fronts on a street as defined by the town zoning regulations. The plaintiffs argue that according to town zoning regulations a buildable lot in a subdivision or resubdivision must front a street. In order for a private thoroughfare such as Indian Trail to qualify as a street, the lot owner must have a right to pass and repass over it. The plaintiffs argue that the Commission never made a finding that the Eppleys' had such a right and therefore both the initial approval of the resubdivision as well as the modification of the resubdivision are illegal, even though the appeal of the original approval was dismissed.
The defendants argue that the Commission, having already granted the application for the resubdivision, did not have to readdress the threshold issues involved in granting that application. Rather, the defendants argue, the Commission was only entitled to consider the potential impact of the modification on public health and safety, which, they contend, the record indicates the Commission did. Even assuming arguendo that the Commission was required to find Indian Trail was a street, the defendants argue that the prior ruling on the resubdivision and the evidence that Indian Trail was previously treated as a street support such a finding.
The plaintiffs acknowledge that they seek review of the prior superior court decision that upheld the Commission's decision to grant the resubdivision application. "Collateral attacks on judgments are disfavored." Convalescent Center of Bloomfield, Inc. v. Department of Income Maintenance, 208 Conn. 187, 200,544 A.2d 604 (1988).
 The doctrine of res judicata holds that an existing final judgment rendered upon the merits. . . by a court of competent jurisdiction, is conclusive of CT Page 2708 causes of action and of facts or issues thereby litigated as to parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.
Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556, 559, 436 A.2d 24
(1980). Further, a superior court disposition of an administrative appeal may be the basis for collateral estoppel or res judicata. Kofkoff Egg Farms, Ltd. v. Johnson, 188 Conn. 141, 143-44,448 A.2d 826 (1982). In Wade's Dairy, supra, the court held that the doctrine barred the relitigation of claims against a town since they had previously been decided in an administrative appeal. Id., 560-61.
In Sakon v. Town of Plainville Zoning, superior court, judicial district of Hartford/New Britain at New Britain, docket no. 43 71 87 (July 2, 1992), the court (Berger, J.) applied the doctrine to a situation similar to the present case. In Sakon, supra, the plaintiff unsuccessfully appealed a commission's approval of a site plan. Id. When the lot owners obtained building permits and certificates of zoning compliance from the zoning enforcement officer, the plaintiff unsuccessfully appealed that decision to the zoning board of appeals and appealed no further. Id. When the owners obtained certificates of occupancy of the completed building, the plaintiff appealed unsuccessfully to the zoning board of appeals and then pursued an appeal to the superior court. Id. At that point, the court held that issues that had been resolved in the first appeal could not be relitigated. Id. The court noted that "while it may be argued that the first appeal did not address the specific issues on the merits, it is still a judgment for claim preclusion purposes." (Emphasis added.) Id.
The same reasoning applies to this case. When a local planning commission acts on a subdivision or resubdivision application, it has no choice but to approve, disapprove, or modify and approve the application, depending only on whether the plan conforms to the regulations. Reed v. Planning Zoning Commission,208 Conn. 431, 433, 544 A.2d 1213 (1988). The commission acts in an administrative capacity and has no discretion in making its decision. Id. In this case, the Commission approved the original resubdivision application in 1989. (ROR, Item 14.) The Commission's decision was appealed to the superior court, which, after reviewing the decision, dismissed the appeal. Rohs v. Darien Planning Zoning Commission, supra. The plaintiffs declined to CT Page 2709 seek further review of that decision pursuant to Connecticut General Statutes 8-8(o). The court concludes that the decision in Rohs, supra, is a final judgment on claims regarding the validity of the resubdivision. Accordingly, the court concludes that the plaintiffs are barred from raising the issue of the validity of the resubdivision itself at this time. Rather, the only issue properly before the court is whether the record supports the Commission's decision to allow the modifications.
Connecticut General Statutes 8-25 and 8-26 authorize municipalities to adopt and enforce subdivision regulations. Among the regulations authorized are ones that ensure protection of public health and safety, the proper provision of water to lots, and the quality of roads in a subdivision or resubdivision. General Statutes 8-25. The town of Darien has promulgated such regulations. Darien Subdivision Regulations, Article II A(5) 
(6) apply to the provision of water. Section A(5) provides that,
 "[a]ll, utilities within a proposed subdivision to be provided from a public source, such as water. . . [and] fire hydrants . . . shall be approved by the public utility having jurisdiction and the Town Engineer and shall be installed at no cost to the Town as the Commission shall approve. In general, where . . . public utilities are available they shall be used in lieu of on-site facilities.
Section A(6) provides that `[a]ll proposals for on-site water supply . . . shall be subject to the specific approval by the Town's Department of Health." With regard to roads, Article IV, D, provides that where an existing street cannot reasonably fulfill the town's specific standards, the Commission,
 shall require that layout and development of the existing street be provided consistent with specific standards which it shall determine in each case are adequate in that case for: safety of traffic using the roadway; adequacy of access by emergency vehicles; essential maneuvering by service and maintenance vehicles; and pedestrian safety; and in consideration of the number of dwellings or lots to be served.
The record reflects that in their application the Eppleys' provided the Commission with evidence from which it could determine CT Page 2710 whether the proposed modifications complied with the resubdivision regulations. (ROR, Item 1.) A letter from the Fire Marshall indicated that the requirement of a fire hydrant had been included only because linkage to public water was proposed, not because it was necessary to meet safety requirements. (ROR, Item 1.) In another letter, the Fire Marshall indicated that reduced clearance on a small portion of Indian Trail was acceptable. (ROR, Item 1.) Finally, the town Department of Health indicated that a private well was permissible as long as it met Public Health Code standards. (ROR, Item 1.)
In its decision the Commission indicated that the members were personally acquainted with the site; that it had not previously imposed a condition that public water be used or that a hydrant be installed; and that it relied on the letters from the Fire and Health Departments. (ROR, Item 16.) It is the court's determination that these documents provided the Commission with an adequate basis for granting the Eppleys' application for a modification. The letters indicate that the public health and safety would not be jeopardized by these modifications and that they meet the requirements of the regulations themselves. It is therefore the conclusion of the court that the Commission did not act arbitrarily, improperly or in abuse of its discretion in granting the requested modifications.
The plaintiffs' second argument is that the Commission received ex parte evidence after the public hearing during its executive session from the town's zoning enforcement officer, Keating, denying the plaintiff the opportunity to rebut or explain the evidence given or to cross-examine Keating. The plaintiffs contend that the Commission considered this evidence in determining that Indian Trail met the zoning regulation's definition of a street. They argue that this ex parte evidence was the basis for such a finding and therefore the decision granting the modification void. In response, the defendants argue that the Commission is entitled to assistance from staff during an executive session and therefore the information provided by Keating was not ex parte evidence.
In Blaker v. Planning Zoning Commission, 212 Conn. 471, 478,562 A.2d 1093 (1989), the court held that where a commission receives ex parte evidence from a party, the effect is to shift the burden to that party to demonstrate that the ex parte communication did not prejudice the other party. The court noted, however, the planning and zoning commissions are entitled to technical and CT Page 2711 professional assistance in executive sessions. Id. Even where a commission receives tainted evidence through an ex parte communication, if the commission's actions are adequately supported by reasons not based on allegedly tainted evidence, the reception of that evidence is harmless error. First Hartford Realty Corp. v. Planning Zoning Commission, 165 Conn. 533, 545, 338 A.2d 490
(1973).
The plaintiffs' argument with respect to the evidence offered by Keating is that the evidence contributed to the Commission's finding that Indian Trail is a street. As discussed above, the issue of whether Indian Trail is a street was determined when the original resubdivision application was before the Commission. Even assuming, arguendo, that the evidence was tainted, the court finds that any error was harmless because it was not necessary for the Commission to decide that sue when acting upon the application for modification. It is the court's conclusion that the only issue before the Commission was whether the requested modifications complied with Darien subdivision regulations. Since the allegedly tainted evidence had no bearing on the Commission's decision to grant the specific modifications, this court need not consider whether that evidence was improperly presented to the Commission.
Since there is substantial evidence in the record to support the Commission's decision to grant the Eppleys' application for modification of the resubdivision, the plaintiffs' appeal is dismissed.
The court,
COCCO, J.