KENNETH C. PHANEUF *v.* COMMISSIONER OF
MOTOR VEHICLES

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued March 8—decision released June 11, 1974

*Charles J. Popple,* with whom were *Walter J. Ogozalek* and, on the brief, *Harold E. Dorwart,* for the appellant (plaintiff).

*John F. Gill,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellee (defendant).

LOISELLE, J. In his appeal to the Court of Common Pleas the plaintiff, Kenneth C. Phaneuf, alleged that his motor vehicle operator's license was wrongfully suspended by the defendant, the commissioner of motor vehicles. The defendant answered and pleaded three special defenses. Thereafter, the plaintiff moved to amend his complaint. The defendant filed a pleading entitled "Motion to Dismiss" on the ground of mootness, to which the plaintiff filed

a motion to expunge. The court denied the plaintiff's motions to amend and expunge and granted the defendant's "Motion to Dismiss." The plaintiff has appealed from the judgment rendered in favor of the defendant.

After filing an answer, it was improper for the defendant to file any motion addressed to the complaint without seeking the permission of the court. Practice Book §§ 74, 75; *Glens Falls Ins. Co.* v. *Somers*, 146 Conn. 708, 711, 156 A.2d 146. Furthermore, a motion to dismiss is not a proper vehicle to obtain a dismissal on the ground of mootness. If an appeal or action is to be declared moot, evidence of that fact must be given, or acknowledgment by the opposing party must be shown, before the court can act. The record reveals only an allegation by the defendant that the plaintiff's license was returned to him. On the basis of this allegation alone, the court was in error in dismissing the appeal. In view, however, of the plaintiff's acknowledgment in his appellate brief that his motor vehicle license was returned to him as stated by the defendant, the rulings on the plaintiff's motion to amend and on the issue of mootness are reviewed.

The complaint alleged, in part, as follows: On December 22, 1970, the plaintiff was involved in an accident which resulted in a fatality. The defendant held a hearing on the plaintiff's right to retain his motor vehicle license in view of the fatal accident. On November 30, 1971, the plaintiff was found not guilty of all criminal charges stemming from the fatal accident of December 22, 1970. On February 22, 1972, the defendant ruled that the operator's license of the plaintiff be suspended as of March 27, 1972. The plaintiff's request for a rehearing was

refused by the defendant. On March 23, 1973, the plaintiff reapplied for his license. The plaintiff filed his appeal on April 5, 1973.

The defendant claims that the plaintiff's action is moot in that no practical relief can follow from a determination of the questions raised by the appeal because the operator's license of the plaintiff has been returned. The plaintiff responds that his complaint also requested reversal of the decision of suspension made by the defendant, and "such other and further relief to which Plaintiff in equity may be entitled." "It is a well-settled general rule that the existence of an actual controversy is requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22; *Harkins* v. *Driscoll,* 165 Conn. 407, 409, 334 A.2d 901; *Roy* v. *Mulcahy,* 161 Conn. 324, 328, 288 A.2d 64; see *Tracy* v. *Johnson,* 156 Conn. 630, 239 A.2d 477. This statement of the law leads to the question of what, if any, practical relief could follow from a determination of the plaintiff's appeal or what actual relief could be granted by this court. Factual similarities suggest examining the facts of this case in light of the principles developed for criminal cases in which an appellant has fully served his sentence. Briefly stated, where collateral legal consequences are imposed by law as a result of a conviction, a case will not be declared moot, even where the sentence has been fully served. See *Sibron* v. *New York,* 392 U.S. 40, 53–55, 88 S. Ct. 1889, 20 L. Ed. 2d 917; see generally, annot., 9 A.L.R.3d 462. Where collateral legal disabilities have arisen, actual relief can be granted by way of

a reinstatement of the appellant's prior legal status. It is necessary to examine the facts of this case to see if any such relief can be granted to the plaintiff.

Although the period of suspension was still in effect when the plaintiff filed his complaint, it subsequently terminated. The plaintiff has not indicated any possibility that the suspension will be reinstated. Compare *In re Appeal of Bailey*, 158 Conn. 439, 444, 262 A.2d 177. The only present, direct effect on the plaintiff is the record of the suspension in the files of the department of motor vehicles. The question at hand, however, is whether there would be any benefit to the plaintiff if this court were to require that the decision of the trial court be reversed. A suspension of an operator's license at the order of the defendant does not have the effect of a conviction, nor would even the latter entail any of the collateral legal disabilities ordinarily produced by conviction of a criminal offense. General Statutes § 53a-24. Under § 14-137a, which requires the commissioner of motor vehicles to establish regulations whereby points leading to future license suspensions or revocations may be "assessed for the *conviction* of each specified violation" (emphasis added), no points can have been entered on the plaintiff's record. The plaintiff has failed to demonstrate and this court is unable to perceive any collateral legal consequences which would be dispelled or remedied by an order of the court reversing the defendant's order.

The plaintiff's motion to amend his complaint contained additional allegations regarding two arrests for operating a motor vehicle while his license was under suspension. The plaintiff claims that the court abused its discretion in not allowing the amendment. Apparently, the amendment was

designed to add allegations to the complaint which would provide a showing of collateral legal consequences. On the dates of the alleged arrests, the defendant's decision suspending the plaintiff's license was in full force and effect. At those times, the plaintiff had not yet filed his appeal to the Court of Common Pleas. In this situation, the plaintiff's actions in disregard of the suspension cannot preclude a finding of mootness. Collateral legal consequences which would serve to maintain the vitality of the plaintiff's suit must have been imposed by law as a result of the suspension alone and not as a result of any subsequent violation committed in disregard of the legal effect of that order.

Allowing or denying an amendment to the complaint is within the sound discretion of the court. Such a ruling can be reversed only on a clear showing of an abuse of discretion. Practice Book §§ 131, 132; *Antonofsky* v. *Goldberg,* 144 Conn. 594, 597, 136 A.2d 338; *Benson* v. *Morey,* 129 Conn. 390, 391, 28 A.2d 843. In this case, the proposed amendment would not have altered the result on the issue of mootness. The denial of the amendment is within the sound discretion of the court when it would add nothing to the plaintiff's case. See *Corcoran* v. *Jacovino,* 161 Conn. 462, 472, 290 A.2d 225; *Farrell* v. *L. G. DeFelice & Sons, Inc.,* 132 Conn. 81, 89, 42 A.2d 697.

In the absence of any possibility of practical relief or of any collateral legal consequences, the plaintiff's appeal to the Court of Common Pleas became moot upon the return of his motor vehicle operator's license.

There is no error.

In this opinion the other judges concurred.