NELLIE SGARELLINO *v.* EDDIE HIGHTOWER
(5518)

DUPONT, C. J., BORDEN and O'CONNELL, Js.

Argued December 4, 1987—decision released March 8, 1988

*David L. Thompson,* for the appellant (defendant).
*Howard Rosenfield,* for the appellee (plaintiff).

DUPONT, C. J. The defendant appeals from the trial court's issuance of a contempt order against him for failure to make support payments to the plaintiff. We find error.

Pursuant to an adjudication of paternity, the defendant was ordered in January, 1983, to pay the plaintiff $27.50 per week for support of their child. The defendant's payments were subsequently increased by $5 per week because of the defendant's arrearage. In 1986, the defendant, who was employed by Colt Industries, participated in a labor strike called by his union. Thereafter, the defendant's income consisted of $100 per week in strike benefits.

On May 16, 1986, the defendant's counsel contacted the family relations officer in Hartford in charge of this case, who orally agreed to a reduction in support payments to $10 per week while the defendant was on strike.[1] Subsequently, the plaintiff moved from Hartford to Manchester, and the case was transferred to the family relations division of the Superior Court in Manchester. The family relations officer in Manchester

---

[1] Following the oral agreement between the defendant's counsel and the family relations officer, the defendant made four support payments to the plaintiff: $10 on May 27, 1986; $20 on June 13, 1986; $30 on July 21, 1986; and $120 on August 18, 1986.

stated at the contempt hearing that he informed the defendant that a court order, rather than an oral modification, was necessary to reduce the support payments. The defendant thereafter filed a motion to modify support payments which was denied on August 18, 1986.[2]

On September 15, 1986, the defendant was found in contempt for his failure to pay $32.50 per week in support, despite his protestations that he had in good faith complied with the oral agreement to reduce the support payments. He was briefly incarcerated until he purged himself of the contempt by paying the plaintiff $732.50.

The defendant claims that the trial court erred (1) in failing to consider the defendant's participation in a labor strike, (2) in disregarding the oral agreement to modify the support payments, (3) in basing its finding of contempt on unsworn representations of the plaintiff and the family relations officer and failing to afford the defendant the opportunity for cross-examination, (4) in disregarding the failure of defense counsel to receive notice of the trial court's denial of the defendant's motion to modify support payments, and (5) in failing to find that the Manchester family relations officer was obligated to give full force and effect to the oral modification made by the Hartford family relations officer.

I

Before considering the defendant's claims of error, we must determine whether we have jurisdiction to hear this case. The plaintiff claims that the defendant's appeal is moot in that no practical relief can follow from

---

[2] Counsel for the defendant stated at the contempt hearing that he did not receive notice of the denial of the motion to modify due to his failure to file an appearance in the modification action. The defendant also stated that he did not receive notice. The record indicates, however, that a copy of the denial was sent to the defendant.

a determination of this appeal because the defendant's payment purged the contempt finding. " '[T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.' " *Shays* v. *Local Grievance Committee,* 197 Conn. 566, 571, 499 A.2d 1158 (1985); *McCallum* v. *Inland Wetlands Commission,* 196 Conn. 218, 225, 492 A.2d 508 (1985). Therefore, the dispositive question is what, if any, actual relief could be granted the defendant by this court. See *Papa* v. *New Haven Federation of Teachers,* 186 Conn. 725, 731–32 n.6, 444 A.2d 196 (1982).

In determining the mootness of an appeal in a civil matter, the principles developed for determining mootness in criminal appeals in which an appellant has fully served his sentence may be examined. "Where collateral legal disabilities are imposed as a matter of law because of a criminal conviction, it is well established that a case will not be declared moot, even where the sentence has been fully served." *Shays* v. *Local Grievance Committee,* supra, 572 n.4; see *Pennsylvania* v. *Mimms,* 434 U.S. 106, 108 n.3, 98 S. Ct. 330, 54 L. Ed. 2d 331 (1977); *Sibron* v. *New York,* 392 U.S. 40, 53–57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968); *Phaneuf* v. *Commissioner of Motor Vehicles,* 166 Conn. 449, 452, 352 A.2d 291 (1974). Although our Supreme Court "[assumed], without deciding the matter, that no such collateral consequences attend a conviction for contempt"; *Shays* v. *Local Grievance Committee,* supra, 572 n.4; we find that such collateral consequences do attach in this case.

The trial court's contempt order may impact on the defendant's future status in this action. For example, a future citation for contempt, given the first finding of contempt which is the subject of this case, would

make the defendant appear more recalcitrant than he might be, in fact. Such an impression is likely to affect a trial court's determination of the penalty attendant on any future finding of contempt in this case.

We can afford the defendant practical relief from these collateral consequences by setting aside the trial court's contempt order. "Where collateral legal disabilities have arisen, actual relief can be granted by way of a reinstatement of the appellant's prior legal status." *Phaneuf* v. *Commissioner of Motor Vehicles,* supra, 452–53. This court's ability to grant relief to the defendant negates the plaintiff's argument of mootness and makes this case appropriate for appellate review.

## II

We first address the plaintiff's third claim of error which relates to the trial court's finding of contempt in the absence of any sworn testimony and in the absence of an opportunity by the defendant for cross-examination. We find error in the trial court's reliance solely on the unsworn representations of the plaintiff and the family relations officer as a basis for the contempt finding.

Contempts of court may be classified as either direct or indirect, " 'the test being whether the contempt is offered within or outside the presence of the court.' " *Cologne* v. *Westfarms Associates,* 197 Conn. 141, 150, 496 A.2d 476 (1985). A direct contempt consists of words spoken or acts committed in the presence of the court or during its intermissions which tend to subvert, embarrass or prevent justice. 17 Am. Jur. 2d, Contempt § 6. The defendant's failure to comply with the support order is, therefore, an indirect contempt because it occurred outside the presence of the trial court.

"[A] finding of indirect civil contempt must be established by 'sufficient proof' that is premised upon compe-

tent evidence presented to the trial court in accordance with the rules of procedure 'as in ordinary cases.' *Potter* v. *Board of Selectman,* [174 Conn. 195, 197, 384 A.2d 369 (1978)], quoting *Huntington* v. *McMahon,* [48 Conn. 174, 196 (1880)]." *Cologne* v. *Westfarms Associates,* supra, 155. This includes the requirement that a finding of indirect contempt be based upon sworn testimony. *Cologne* v. *Westfarms Associates,* supra, 155. Therefore, the trial court's finding of contempt, based entirely on unsworn representations by the plaintiff and the family relations officer, was erroneous. As we find error in this regard, we need not address the defendant's other claims of error.

There is error, the judgment finding the defendant in contempt is set aside and the case is remanded with direction to deny the contempt motion.

In this opinion the other judges concurred.