[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, John Fitzpatrick, was arrested for driving while intoxicated, and he subsequently failed the intoximeter test. The plaintiff was notified that his license to operate a motor vehicle would be suspended by the defendant, Louis Goldberg, Commissioner of Motor Vehicles, for a period of ninety days, pursuant to General Statutes 14-227b, as amended by Public Act #89-314.
Before the suspension took effect, the plaintiff was granted a hearing, and, as a result, the following findings of fact and conclusions of law were made: (1) the police officer had probable cause to arrest the plaintiff for a violation; (2) the plaintiff was placed under arrest; (3) the plaintiff submitted to the test and the results indicated at the time of offense a blood alcohol content of .10 or more; and (4) the plaintiff was operating the motor vehicle.
The plaintiff has appealed and seeks a reversal of the hearing officer's decision, which resulted in the suspension of the plaintiff's motor vehicle license. The defendant has filed a motion to dismiss (#107) due to lack of jurisdiction over the subject matter. The defendant argues that the court lacks jurisdiction over the subject matter because the ninety day suspension period has concluded, and therefore the question on appeal is moot. The defendant cites Phaneuf v. Commissioner of Motor Vehicles, 166 Conn. 449, 452, 342 A.2d 291 (1974), for the proposition that courts should not decide moot questions, unless actual or practical relief can follow.
In Phaneuf, the plaintiff's license was suspended due to his involvement in a fatal automobile accident. The court held that the case was moot because the collateral legal consequences arose as a result of subsequent violations, and not because of the suspension alone. Id., 450. The court narrowed the issue to whether the plaintiff would benefit from a reversal. A suspension of an operator's license does not have the effect of CT Page 6349 a conviction, General Statutes 53a-24. Under General Statutes14-137a, points can only be assessed for the conviction of each specified violation. The court was unable to perceive any collateral legal consequences which would be dispelled or remedied by an order of the court reversing the suspension. Id., 453.
In Newell v. Department of Motor Vehicles, Docket No. 055716, J.D of Litchfield (December 18, 1991), the court held that an appeal from the suspension of an operator's license for refusal to consent to a breath test, pursuant to General Statutes 14-227b, is moot if the six month suspension is served before the appeal is heard. The plaintiff claims that Newell is flawed because it allows increased administrative penalties for subsequent arrests when the plaintiff may be innocent. However, Newell holds that a suspension is not the same as a criminal conviction, and unless the plaintiff chooses to again drive under the influence of alcohol he will not be subject to any collateral consequences. Id., 389.
In a recent case, Daly v. DelPonte, Commissioner of Motor Vehicles, 27 Conn. App. 495, ___ A.2d ___ (1992), the plaintiff, who had been treated by a neurologist for a seizure disorder, appealed to the trial court from the defendant's decision, which temporarily suspended his operator's license and required him to submit medical reports as a prerequisite to the reinstatement of his license.
The court reaffirmed Phaneuf by holding that the plaintiff's appeal of his license suspension was moot because his license had been reinstated. Moreover, the court was again unable to ascertain any collateral legal consequences that would be remedied by a reversal. Id., 503. "The existence of an actual controversy is an essential requisite of appellate jurisdiction." Id., 502.
The plaintiff's appeal of his license suspension became moot upon the reinstatement of his operator's license. This case is similar to Phaneuf, Newell, and Daly, in that the plaintiff is not currently subject to the following collateral consequences: forfeiture of voting rights; credibility as a witness; increased criminal penalties; points assessed against driving record; or higher insurance costs.
It has not been shown that the plaintiff's license suspension has created any collateral consequences that were not considered in the aforementioned cases, and because his license has been reinstated, neither actual or practical relief is possible. Thus, the defendant's motion to dismiss is granted for lack of subject matter jurisdiction. CT Page 6350
So Ordered.
Dated at Bridgeport, Connecticut this 2nd day of July 1992.
WILLIAM B. LEWIS, JUDGE