MEMORANDUM OF DECISION
Motions to Strike and Request to Revise
These cases present various petitions for termination of parental rights and co-terminous petitions for finding of neglect and or uncared for children and for simultaneous termination of parental rights. A case management conference or pre-trial hearing was conducted at the Child Protection Session in Middletown (Brenneman, J.) on September 16th, 1997.
The court commented on the unacceptable state of the CT Page 12134 pleadings and advised respondents counsel that if they intended to file motions addressed to the pleadings they should do so by October 10, 1997. Permission was subsequently granted to extend the date of filing over the week-end to October 13, 1997. The Attorney General's office was to reply by October 31, 1997. The matter was set for argument on any motions for November 6, 1997.
The Attorney General's office did not file responsive pleadings within the time frame established by the court and did not seek an extension of time to file. Instead, the assistant attorney general ("AAG") assigned to the case sent a facsimile transmittal (FAX) to the respondent's attorneys on the eve of the hearing on the motions. If that was not short enough notice for the respondents counsel, the AAG filed a document "Petitioner's Supplemental Memorandum in Opposition to Respondent's Motions to Strike and Request to Revise" in court on the date of the motion hearing, November 6, 1997. Respondent's properly object that A) the response by the AAG did not meet the scheduling order of Judge Brenneman and B) they have had inadequate time to respond to the untimely filed pleadings of the petitioner. The court agrees.
It is curious to note that the petitioner acknowledges that it is within the sound discretion of the court under case law and the Practice Book to allow a motion to strike to be filed after the filing of a plea or answer Phaneuf v. Commissioner of MotorVehicles, 166 Conn. 449, 451, 352 A.2d 291 (1974). Indeed, the motions to strike were filed after a pre-trial discussion with Judge Brenneman who directed counsel to file the motions to address the dreadful state of the pleadings. Knowing that the respondents had been directed to file the motions, and did file their motions within the frame-work of the scheduling order, the AAG in her untimely filed "Supplemental Memorandum of Law," argues that the Motions to Strike should be denied because the respondents motions are "untimely."
The AAG also argues that the pleadings as filed are legally sufficient. The AAG should have spent more time reading the pleadings and correcting them, rather than filing objections. An example of the inappropriate, if not improper pleading is illustrated by the claims in the matter of the child Zaida.
The petitioner, in her coterminous petition regarding Zaida, claims under "Reasons for the Petitions": CT Page 12135
 1. On 12/01/95, Zaida L. (the respondent, mother) received a six year suspended sentence with five years probation due to her guilty plea to Second degree Assault and Risk of Injury to a Minor. This sentence was the result of mother's severe, life threatening beating of her child, Victor G., in May, 1995. All of Ms. L.'s children are currently in foster care.
 2. On January 10th, 1997 mother gave birth to a girl, Zaida Ivette G. On January 11th, 1997, Zaida, was removed from the hospital and placed in foster care via a 96 hour hold. Mother has not remedied her mental health issues nor has she substantively followed through with existing court-ordered expectations regarding her other minor children. Under the terms of her probation, mother is not to have physical custody unless and until there is a hearing before the criminal court as to whether or not she should be physically reunited with the children. Mother is not to reside in a household where there are minor children.
Based on this factual basis, the petitioner seeks a finding of neglect in that the child is "being permitted to live under conditions, circumstances or associations injurious to well being; " It would be hard for the court to imagine what those circumstances might be, since at the time the child was removed from her mother's care the child had not likely left the maternity ward of the hospital. Whatever, the facts are that support this allegation, they were not listed.
The petitioner also seeks a termination of the mother's parental rights based upon the claim that mother has abandoned the child. The basis of this claim seems to be, that since a criminal court entered an order preventing the mother from having contact with her then living children or any children under sixteen years of age, she should, in futuro, be prevented from caring for her newborn child. Whether the court (Damiani, J.) could possibly have contemplated this in his order, is unnecessary to resolve. Even if he did, which is unlikely, it is hardly imaginable that the State could enter an order preventing a parent from contact with their child and then use that same order as a basis for claiming that the child has been abandoned by the parent![2]
A second ground for terminating the mother's parental rights alleged by the petitioner is that the parents have committed acts of omission or commission in that the child has been denied the care guidance or control necessary for the child's physical, CT Page 12136 educational, moral or emotional well being. The only acts alleged in the petition to have been committed by mother occurred two years prior to the birth of the child. This ground, acts of omission or commission, ". . . does not permit the termination of parental rights based on speculation as to what acts may befall a child." In re Kelly S., 29 Conn. App. 600, 614, 616 A.2d 1161
(1992).[3]
If there are facts which support either ground for termination or, indeed, for a finding of neglect by a fair preponderance of the evidence, those facts have not been alleged. The petitioner has failed to file responses to the father's motions to strike within the time set at the case management conference. The petitioner has failed to file any responses at all to the mother's motions to strike. The court will not consider the pleadings or amendments filed beyond those dates set at the case management conference/pre-trial conference.
For the foregoing reasons, the motions to strike are granted.
Foley, J.