[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO MODIFY CHILD SUPPORT AND ALIMONY PENDENTE LITE (DOCKET ENTRY NO. 114) AND MOTION FOR CONTEMPT (DOCKET ENTRY NO. 116)
On September 5, 2001, the parties presented evidence concerning the defendant husband's Motion to Modify Child Support and Alimony Pendente Lite dated June 14, 2001. The evidentiary hearing also included evidence relating to the plaintiff wife's Motion for Contempt Pendente Lite dated August 9, 2001.
Examination of the court file reveals the following. During the relatively brief history of this matter, there has been a history of litigation concerning the defendant's financial obligations. The operative financial agreement is dated October 5, 2000. Therein the defendant agreed to pay $550 per week for child support, $100 per week to address an arrearage that had accrued, $440 per month as reimbursement for parochial school expense, and various other incidental financial obligations. The plaintiff's first Motion for Contempt was filed November 28, 2000. Similar motions were filed on March 27, 2001, and May 7, 2001. These contempt motions, together with the two matters presently before the court, constitute the only significant pleadings in the court file.
At the evidentiary hearing, the parties established the following. The CT Page 14770 marriage of these parties was plagued with financial instability. The defendant is a self-employed tile installer. When funds were available, the defendant gave the plaintiff $700 weekly for their combined household expenses. The plaintiff was responsible for payment of household accounts.
Unfortunately the defendant's business has not been entirely successful. While living together, this couple often was unable to meet financial obligations, including mortgage payments. Their separation has increased their financial burdens. Additionally, the defendant has lost income due to an involuntary reduction in his work force.
When the parties entered into their October 5, 2000, financial agreement, the defendant believed he had the ability to maintain the same level of support that he had provided during the marriage. At the present time there is an arrearage of over $8,000.
A. MOTION TO MODIFY ALIMONY AND CHILD SUPPORT
Connecticut General Statutes 46b-86 (a) provides in relevant part:
 . . . [A]ny final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial.
The statutory prerequisites for modification of alimony and child support are clear. There must be a substantial change in circumstances. Unfortunately in the present case, there is absolutely no evidence of the financial status of either party at the time they entered into their financial agreement. That evidence is essential. Absent that demonstration, the court finds that the defendant continues to have the earning capacity to support the financial orders previously entered.
The defendant has the burden of proof in demonstrating a substantial CT Page 14771 change of circumstances. That burden has not been met. The motion for modification is, therefore, denied.
B. MOTION FOR CONTEMPT
Connecticut procedure authorizes motions for contempt, one of the few vehicles available to enforce compliance with court orders. The burden of establishing a prima facie showing of contempt, in this case the willful disobedience of a court order, falls upon the plaintiff.
In the present action, the plaintiff has established the existence of an order[1] as well as the defendant's failure to comply with that order. There is sufficient, reliable evidence concerning each of these two factors. Thus the contemptor, this defendant, must establish that he was unable to comply with the court order. Eldridge v. Eldridge,244 Conn. 523, 710 A.2d 757 (1998). Recognizing the broad equitable powers of this court, ". . . a finding of indirect civil contempt must be established by sufficient proof that is premised upon competent evidence presented to the trial court in accordance with the rules of procedure as in ordinary cases." (Citations omitted; internal quotation marks omitted.) Sgarellino v. Hightower, 13 Conn. App. 591, 595-96, 538 A.2d 1065
(1988).
Here the defendant presented evidence of the significant downturn of his personal business, part of which occurred when the plaintiff's relatives resigned as employees, thus decreasing the productivity of that business. The plaintiff was unable to rebut the defense: of inability.[2]
As is often true in these situations, the court is faced with a question of credibility. For the defendant to be found in contempt, the plaintiff must show that there has been noncompliance and such noncompliance was willful. See Meehan v. Meehan, 40 Conn. App. 107,669 A.2d 616 (1996); Marcil v. Marcil, 4 Conn. App. 403, 405 (1985). Where there are good faith efforts to comply with court orders, contempt is precluded. The motion for contempt is, therefore, denied and the objection to the motion for contempt is sustained.
Orders shall enter on these motions as herein noted.
JULIA DiCOCCO DEWEY, JUDGE