OPINION ORDER DENYING MOTION TO DISMISS
Anita DUPRIS, Chief Judge.
SUMMARY
The Council of Elders (Council) filed an appeal of the decision rendered by the Mohegan Tribal Employment Rights Commission (Commission) dated September 6, 2001, in which the Commission found the Council in violation of the Tribal Employment Rights Ordinance # 99-02. The alleged noncompliance arose from two complaints filed through interoffice e-mail by the Little People, LLC.
The Council appealed the decision of September 6, 2001 in this Court on October 2, 2001. On October 5, 2001 the Commission Chairperson, Debra Maxeiner, notified the Council by letter that the Commission withdrew its sanctions against the Council. See Appellee’s Motion to Dismiss, Exhibit A. From October 8, 2001 to October 22, 2001 the Commission continued to act on the alleged complaints, and the Council took the position that it would not participate in any administrative proceedings pending the hearing on its Notice of Appeal filed herein.
The Appellee filed a Motion to Dismiss, the subject of this opinion, on October 9, 2001, alleging this Court’s lack of jurisdiction. Appellant’s opposed the Motion. Arguments were heard on the Motion to Dismiss on October 24, 2001. This Court found cause to deny the Motion to Dismiss, and so held by order. This opinion sets forth the reasons for the denial.
ISSUE
Does the Court lack jurisdiction to hear the Notice of Appeal filed by the Council because the Commission has withdrawn its sanctions and subsequently notified *449 the Council of its intentions to properly follow the Tribal Employment Rights Ordinance, # 09-02?
The Appellee argues there is no issue before this Court since the Appellee has withdrawn its sanctions against the Appellant. The Appellee argues that the Maxeiner letter of October 5, 2001 was intended to mean that the Commission’s finding of violations of the Tribal Employment Rights Ordinance, # 99-02 (Ordinance) was vacated, too. Therefore, Ap-pellee asserts, the question before the Court is now moot. In support of its position the Appellee has cited Phaneuf v. Commissioner of Motor Vehicles, 166 Conn. 449, 352 A.2d 291 (1974) (the plaintiff was acquitted of the criminal charges stemming from a fatality accident. Connecticut’s administrative Commissioner of Motor Vehicles suspended the plaintiffs driving privileges, and he appealed. Prior to the hearing on the suspension the plaintiffs driving privileges were restored. The Court held the question of suspension became moot upon return of appellant’s license, and no collateral legal consequences nor practical relief was present to defeat the mootness. Court upheld the dismissal by the trial court.). All other cases cited by Appellee support the ruling in Phaneuf, supra. Appellee asserts Appellants have no collateral legal consequences or ean any practical relief be granted by this Court if allowed to go forward.
Appellant’s disagree. It is the Appellant’s position that the Ordinance, Section XIV (A) mandates the stay or abatement of the administrative decision pending the appeal in Tribal Court. Appellant asserts the Commission lacked jurisdiction, and could not unilaterally reinvest itself with jurisdiction by withdrawing its sanctions. Upon a reading of the Ordinance this Court agrees with the Appellant. The issue before this Court is not whether Ap-pellee’s decision to withdraw its sanctions subsequent to the Appeal renders the issue moot. The question is whether the Commission had jurisdiction to withdraw its sanctions in the first place. This Court holds it did not have such jurisdiction.
The Ordinance states that after an appeal is filed under the Ordinance regarding a decision of the Commission, “... any order of the Commission shall abate pending the determination of the Tribal Court,” Section XIV (A). This language is clear and unambiguous. Once jurisdiction is vested in the Tribal Court upon the filing of a Notice of Appeal, the administrative agency cannot unilaterally take it back. If this were allowed, no administrative-order would be final for appeal purposes. Once a party filed an appeal, the appellee agency could keep changing its decision to avoid a judicial review from ever taking place.
CONCLUSION
The better rule is that once jurisdiction is vested with the Court, the administrative agency does not have jurisdiction to act unilaterally on the matter before the Court. This does not preclude the parties from meeting and trying to reach a mutually agreeable solution to the matter, as is available in any civil case. It does preclude the actions taken by the Appellee from the time the Appeal was filed to date.
Based on foregoing this Court holds that it has jurisdiction to hear the Appeal exclusive of the Commission, and all actions of the Commission are abated from the date of the filing of the Appeal, i.e. October 2, 2001. It is so ORDERED.