[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR FINDING OF ARREARAGE AND JUDGMENT (APRIL 23, 2001) AND MOTION FOR CONTEMPT (APRIL 23, 2001)
Pursuant to Connecticut Practice Book section 25-27,[1] on March 23, 2002, this court heard evidence concerning the plaintiff wife's motion for contempt. The issues before the court are the plaintiff s allegations that the defendant has failed to pay child support and medical expenses pursuant to court order
On November 14, 1985, a trial court, Levine, JTR., entered an order dissolving the marriage of these litigants. Paragraph 2 of that judgment provided:
 The plaintiff is awarded sole possession of the family homestead located at 29 Patmar Drive, Monroe, Connecticut, until the first happening of one of the following events:
a. The youngest child reaches the age of 18 years. . . .
 At which time the house is to be sold and the net proceeds are to be divided 60% to the plaintiff wife and 40% to the defendant husband.
That judgment further provided:
 The defendant shall provide Blue Cross and CMS benefits or their equivalent for the minor children and all expenditures in excess of such coverage shall be shared jointly.
Through her motion for contempt, the plaintiff has asked the court to find that the defendant willfully violated the dissolution judgment in that he failed pay all mandated child support and medical expenses. At the March hearing, the evidence established that the defendant had paid all required child support through the state's child support enforcement authorities. There was no arrearage. At that same hearing, the plaintiff failed to establish either the nature or the extent of the minor CT Page 7767 children's unreimbursed medical expenses. Some of the claimed items were daily sundries as opposed to medical necessities. Her self-serving inventory lacks sufficient indicia of reliability. Furthermore, the dates for many of these expenditures were too remote in time from the present action.
Connecticut procedure authorizes motions for contempt, one of the few vehicles available to enforce compliance with court orders. The burden of establishing a prima facie showing of contempt, in this case the willful disobedience of a court order, falls upon the plaintiff.
In the present action, the plaintiff has established the existence of an order. She has failed to prove that the defendant willfully failed to comply with that order.
Acknowledging the broad equitable powers of this court, ". . . a finding of indirect civil contempt must be established by sufficient proof that is premised upon competent evidence presented to the trial court in accordance with the rules of procedure as in ordinary cases." (Citations omitted; internal quotation marks omitted.) Sgarellino v.Hightower, 13 Conn. App. 591, 595-96, 538 A.2d 1065 (1988). This plaintiff has failed to do.
In light of this evidentiary deficiency, the motion must be denied.
DEWEY, J.