[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR COMTEMPT (DATED DECEMBER 6, 2001)
Pursuant to Connecticut Practice Book section 25-27,[1] on February 11 and March 21, 2002, this court heard evidence concerning the defendant CT Page 7763 wife's motion for contempt dated December 6, 2001.[2] The issue before the court is the defendant's allegation that the plaintiff has failed to pay a lump sum property distribution ordered in the original dissolution decree.[3]
On April 9, 1999, the trial court, Frankel, J., entered an order dissolving the parties' marriage, incorporating into the judgment a written separation agreement. The issues before this court are the latest in a series of battles waged by these individuals during the past three years.
The trial court dissolution order included provisions for property division. Paragraph 5.3 of the parties' agreement provided:
 As a lump sum distribution, the Husband shall pay to the Wife the sum of $300,000 payable at a sum of $30,000 per year for a period of ten years commencing on or before December 31, 1999, and for each successive year thereafter. This property distribution is intended to further support the family and shall not be dischargeable by the Husband in bankruptcy. In the event that the Husband is physically disabled and/or unemployable or his net worth is less than $200,000, the Husband may discharge this obligation.[4]
Through her motion for contempt the defendant has asked the court to find that the plaintiff willfully violated the dissolution judgment in that he failed pay $30,000 as part of a property settlement. During the hearing before this court, the defendant established that during the year 2001 the plaintiff did not forward any portion of the annual property distribution. The defendant countered this fact with evidence that his net worth had fallen below $200,000.
Connecticut procedure authorizes motions for contempt, one of the few vehicles available to enforce compliance with court orders. Acknowledging the broad equitable powers of this court, ". . . a finding of indirect civil contempt must be established by sufficient proof that is premised upon competent evidence presented to the trial court in accordance with the rules of procedure as in ordinary cases." (Citations omitted; internal quotation marks omitted.) Sgarellino v. Hightower,13 Conn. App. 591, 595-96, 538 A.2d 1065 (1988). The burden of establishing a prima facie showing of contempt, in this case the willful disobedience of a court order, falls upon the defendant.
The question before the court is quite narrow. This court is required to examine the 1999-property distribution and determine whether the CT Page 7764 reduction in the plaintiff's net worth relieves him of his obligation to pay the full property settlement.
In the present case, the separation agreement was clear. The plaintiff was obligated to pay $30,000 per year for a period of ten years. By the terms, that agreement could.not be discharged in bankruptcy. However, "[I]n the event that the Husband is physically disabled and/or unemployable or his net worth is less than $200,000 the Husband may discharge this obligation."
"A judgment rendered in accordance with the stipulation of the parties is to be construed and regarded as a binding contract. . . . Construction of [a term in] such an agreement is an issue of fact to be resolved by the trial court as the trier of fact, and subject to our review under the clearly erroneous standard" (Citation omitted.) Sablosky v. Sablosky,61 Conn. App. 66, 70, ___ A.2d ___ (2000). This court is guided by the general principles governing the construction of contracts. "A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms . . ." (Citation omitted.) Issler v. Issler,250 Conn. 226, 235, 737 A.2d 383 (1999).
In the present case, it is clear that the term discharge relates to bankruptcy proceedings. The plaintiff must make annual property distribution payments unless that obligation is discharged in bankruptcy.
Plaintiff's attempt to ascribe two different meanings to the word discharge in paragraph 5.3 cannot succeed. "It is a familiar principle of statutory construction that where the same words are used . . . two or more times they will ordinarily be given the same meaning in each instance." (Citation omitted.) Schiano v. Bliss Exterminating Company,260 Conn. 21, 42, ___ A.2d ___ (2002). Were the plaintiff to prevail in his argument, he would be allowed to receive all of the marital property despite the fact that he has not filed for bankruptcy.
"Property distribution ". . . cannot be modified to eleviate hardships that may result from enforcement of the original dissolution decree in the face of changes in the situation of either party." (Citation CT Page 7765 omitted.) Santoro v. Santoro, 70 Conn. App. 212, 217, ___ A.2d ___ (2002). The fact that his income has decreased has already been the basis for an earlier modification in unallocated alimony and support. It is not the basis for alteration of a property distribution. The plaintiff was aware of the existing court order. He chose not to comply, relying on his interpretation of the settlement agreement inconsistent with this court's analysis. The lack of compliance under these circumstances is willful.
The defendant's Motion for Contempt is granted. Her portion of the marital property not already distributed in a timely manner, $30,000, must be conveyed to the defendant on or before June 130, 2002.
Orders shall enter on this motion as herein noted.
___________________
Dewey, J.