[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO REARGUE # 107
 FACTS
The plaintiffs in this matter are Edward and Diane Paulson and the defendant is Edward Blake d/b/a Blake Builders. The plaintiffs allege the following facts in their complaint. The plaintiffs hired the defendant to perform certain home improvements to their residence. The parties entered into a home improvement contract which did not comply with General Statutes § 20-429. Upon completion of the improvements, the foundation began to leak and the defendant attempted to correct the defect. The defendant, however, was unable to fix the leak and the plaintiffs were forced to hire other contractors to correct the defect.
The plaintiffs filed a single count complaint alleging breach of contract, negligence, and a violation of the Connecticut Unfair Trade Practices Act (CUTPA) against the defendant. The defendant filed a motion to strike the plaintiffs complaint for misjoinder of party which was denied by the court on January 1, 2002. Thereafter, the defendant filed a request to revise on January 14, 2002. The court sustained the defendant's request to revise on February 28, 2002. The plaintiffs filed a motion to reargue which was granted and the court heard arguments on August 5, 2002. The defendant presented oral arguments but did not file an objection to the motion to reargue.
The defendant requests that the plaintiff's entire complaint be revised to separate the causes of action, which he alleges are improperly combined in one count, pursuant to Practice Book § 10-35(3).[1]
The plaintiffs object arguing that the defendant's filing of his motion to strike constitutes a waiver of his filing a request to revise pursuant to Practice Book § 10-38 and 10-7. Further, even if the court allows the defendant to file his pleadings out of order, the claim that the plaintiffs complaint should be separated into separate causes of action fails because the use of a single count is permitted when the claims grow CT Page 11119 out of a single occurrence or transaction.
 DISCUSSION
Practice Book § 10-6 provides, in pertinent part: "The order of pleadings shall be as follows: (1) The plaintiffs complaint. (2) The defendant's motion to dismiss the complaint. (3) The defendant's request to revise the complaint. (4) The defendant's motion to strike the complaint." Further, Practice Book § 10-7 provides, "[i]n all cases, when the judicial authority does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." "Whenever any party files any request to revise or any subsequent motion or pleading in the sequence provided in Sections 10-6 and 10-7, that party thereby waives any right to seek any further pleading revisions which that party might then have requested." Practice Book § 10-38.
If a party wishes to file a pleading out of order, they must seek the court's permission before doing so. Phaneuf v. Commissioner of MotorVehicles, 166 Conn. 449, 451, 352 A.2d 291 (1974). The defendant did not seek permission from the court prior to filing his request to revise. At oral argument, the defendant argued that the court has discretion to overlook the order of pleadings pursuant to § 10-7. Further, the defendant asserted that the motion to strike was filed pursuant to Practice Book § 11-3, which, he contends should not require the defendant, a person not properly a party to the suit, to file a request to revise first.
The court has discretion to overlook the order of pleadings "where strict adherence to [the practice book rules] will work surprise or injustice because the very design of the rules is to facilitate business and advance justice." (Internal quotation marks omitted.) Sabino v.Ruffolo, 19 Conn. App. 402, 404, 562 A.2d 1134 (1989). This is not the situation in this case. The defendant's motion to strike acts as a waiver to the filing of his request to revise.[2]
As to the defendant's assertion that the motion to strike was filed pursuant to Practice Book § 11-3, taking the motion out of the provisions of Practice Book § 10-6, the court finds that the defendant is mistaken. Practice Book § 11-3 states: "The exclusive remedy for misjoinder of parties is by motion to strike." Therefore, the misjoinder of a party must be filed as a motion to strike and as such, filed in the order of pleadings pursuant to § 10-6. For all the foregoing reasons, the defendant's request to revise is overruled and the CT Page 11120 plaintiffs objection sustained.
Gallagher, Judge.