[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Arthur J. Rocque, Jr., Commissioner of Environmental Protection moves to hold the defendant Design Land Developers of Milford, Inc. (hereinafter "DLD") in contempt for failure to obey the judgment of this court entered on November 5, 2001. That judgment was entered by stipulation, requiring the defendant to operate a landfill in Milford, Connecticut in accordance with a revised operation and management plan (hereinafter "OM Plan") attached and incorporated by reference to the stipulation and accordingly made a part of the judgment.
The defendant opposes the motion on the following grounds:
1. The parties agree that the defendant is in compliance with the OM Plan at the time of the hearing of this motion and, therefore, the issue is moot and the court lacks jurisdiction to hear the claim;
2. The defendant, in fact, did not violate the OM Plan;
3. There has been no showing defendant willfully violated the plan;
4. Defendant acted in good faith to comply with the plan and, in part, he was prevented from complying by DEP failing to act expeditiously on its request for modification of it.
None of these grounds have merit.
 I. The Issue of Jurisdiction
The initial issue this court must deal with is defendant's assertion that the court lacks jurisdiction to hear or determine this contempt motion when at the time of the hearing the defendant has complied with the court's judgment. The defendant argues that the Connecticut Practice CT Page 14482 Book at Section 1-21A provides that in a civil contempt proceeding "any sanctions imposed by the judicial authority shall be coercive and non-punitive, . . . to ensure compliance . . ." Consequently, when there already is compliance, it argues, the court has no further authority to hear the matter.
That is emphatically not the law. A court order or judgment must be obeyed until it has been modified or challenged. Eldridge v. Eldridge,244 Conn. 523, 530 (1998). The court has continuing jurisdiction to enforce its orders and judgments. When a defendant has violated a court judgment or order, its subsequently coming into compliance before the hearing does not deprive the court of jurisdiction of the matter. Otherwise a defendant could violate a court order or judgment and then comply with it without the court having the power to reach him. Moreover, after a violation, a court's finding of contempt has practical consequences in the event of a subsequent violation. As the court said inSgarellino v. Hightower, 13 Conn. App. 591, 594 (1998)
 "The trial court's contempt order may impact on the defendant's future status in this action. For example, a future citation for contempt, given the first finding of contempt which is the subject of this case, would make the defendant appear more recalcitrent than he might be, in fact. Such an impression is likely to affect a trial court's determination of the penalty attending on any future finding of contempt in this case."
Certainly, that is the case here. If after this court's finding of contempt, this defendant should violate the judgment again, a second court could properly take the first finding of contempt in account in fashioning the appropriate remedy for a second violation.
Finally, a judgment requiring compliance with an OM Plan, fashioned after stipulation in a DEP case, lends itself to the well established exception to the mootness doctrine for judgments that are "capable of repetition and yet evading review." As stated in Loisel v.Rowe, 233 Conn. 370, 382 (1995), there are three requirements for this exception:
"First, the challenged action, or the effect of a challenged action, by its very nature must be of a limited duration so that there is a strong likelihood that the substantial majority of cases raising the questions about its validity will become moot before CT Page 14483 . . . litigation can be concluded. Second, there must be a reasonable likelihood that the questions presented in the pending case will arise again in the future, and that it will affect either the same complaining party or a reasonably identifiable group for whom that party can be said to act as surrogate. Third, the question must have some public importance."
These three requirements are met in this case. The stipulated judgment requires defendant to comply with the requirements of the OM Plan in the operation of its waste landfill on a daily basis, that is, the manner waste is taken in, where it is placed, how it is covered, and the like. The waste may be moved around, or covered at another time after violations have been discovered making violations, by their nature, of short duration likely to be corrected before the DEP could obtain a hearing date for contempt. Moreover, there is the likelihood that the same violations that previously occurred could arise again. Finally, the question has public importance in that it involves matters that affect public health and the public trust in air, land, and waters of the state.
Therefore, the court concludes that it does have jurisdiction to hear and determine this motion for contempt, despite defendant's having complied at the time of the hearing.
 II. The Issue of Violation
The judgment of this court dated November 5, 2003. adopts a stipulation of the parties which incorporates the OM Plan that sets forth the requirements for defendant operating the subject landfill. At the hearing Mr. John England and Mr. Neal Williams of the Department of Environmental Protection testified to inspecting the landfill on July 17, 2002 and subsequent days, and finding many violations. DEP notified the defendant of the violations the inspectors found in a letter dated July 26, 2002.
Their testimony was in part disputed by Mark Zessin, a civil and environmental engineer called by the defendant. Mr. Zessin questioned the method of measurements made by the DEP inspectors by the use of a cloth tape measure and other of their findings.
However, this court finds the observations and conclusions of the DEP inspectors truthful and reliable. Thus, it finds the defendant violated the court's judgment in the following particulars:
(1) The defendant failed to utilize the cell method of landfill CT Page 14484 operation as required in the OM Plan. That plan defines the cell method "as a method where the waste is deposited on the ground and compacted within a defined or limited area for each days operation." A cell is defined in the plan as approximately 50 feet wide, ten feet high and 100-250 feet long, covering approximately 1/4 of an acre. In fact, on July 17, 2002, Mr. England and Mr. Williams found at the northern end of the landfill an area of uncovered waste of approximately 170 feet wide, 200 feet long and 13 feet high and covering an area of 3/4 of an acre.
(2) The defendant did not comply with the requirement of weekly coverage. The plan provides that all exposed working spaces must be covered with at least six inches of compacted covered material at the end of each operating week. Mr. England and Mr. Williams observed an area of uncovered waste on July 17, 2002, measuring approximately 170 feet by 200 feet by 13 feet. Mr. England testified that this area represented up to 16, 000 cubic yards of waste or approximately 8, 000 tons. He acknowledged that the tonnage could be different, as low as 3, 000 tons, but he testified it was unlikely that this high volume of uncovered waste had been brought to the site since the proceedings Saturday and by its not being covered, represented a violation of the OM Plan. The court believed that testimony.
(3) The defendant dumped waste approximately 70 feet beyond the permitted boundary of the landfill. Although a survey would have more accurately determined the extent of the overfill, nevertheless, Mr. England and Mr. Williams' observations clearly established a substantial violation of the plan.
(4) Other violations included failure to control the dust at the landfill, failure to shape the landfill to permit storm water to properly drain off of it, and failure to have a sign on the premises all as required by the OM Plan.
 III. The Issue of Wilfulness
A finding of contempt requires that the court determine that the defendant acted wilfully in disobeying the court order. Sablonsky v.Sablonsky, 258 Conn. 713, 718 (2001); Connelly v. Connelly, 191 Conn. 468,483 (1983)
Violation of an order, in and of itself, does not require a finding of contempt. The court may find the court order was vague or indefinite, or the contemnor's constitutional rights were not properly safeguarded. Papav. New Haven Federation of Teachers, 186 Conn. 725, 731-32 (1982). A legitimate misunderstanding of the terms of the order or the inability of CT Page 14485 the contemnor, through no fault of his own, to obey the order may also preclude a finding of wilful violation of the order. Eldredge v.Eldredge, supra, 523, 529.
But here the court can infer defendant's wilful violation of the judgment from the defendant's knowledge of the terms of the judgment, particularly because it participated in its formulation by stipulation, from defendant making continuous efforts to bring the landfill in compliance after being informed by the plaintiff of violations, and from defendant making no application to this court to modify the order or make any claim of its inability to comply with it. Eldredge v. Eldredge, supra, pp. 529, 531.
 IV. The Issue of Good Faith
The defendant claims it should not be held in contempt because it requested of the DEP the right to use another material to cover the landfill. The DEP delayed giving an answer, thus preventing defendant from complying with the requirements of cover. The evidence on this issue is that the defendant did make such a request, but DEP informed the defendant it needed additional information as to the quality of the material in order to answer the request. The defendant cannot use a request for modification of the plan as an excuse for not complying with it. If it wished to escape contempt, it had to move for modification of the judgment in court. Eldredge v. Eldredge, supra, p. 529. Moreover, defendant's requests to DEP related to only one of its violation of the plan.
 V. Remedy
In its motion, because the defendant is in compliance, the plaintiff does not seek the imposition of civil sanctions. But it does seek a finding of contempt and a further conditional order that the landfill be closed if defendant violates the judgment again. The court does find the CT Page 14486 defendant in contempt for violating the judgment. It declines, however to issue the conditional order requested by the plaintiff. Such an order would improperly bind the hands of a court hearing the claim of a subsequent violation and limit that court's imposition of an appropriate remedy in that event.
The plaintiff's motion for contempt is granted.
BY THE COURT
___________________ Robert Satter Judge Trial Referee CT Page 14487